HEFTLER CONSTRUCTION CO. OF P.R., INC., antes, hoy ISLAND LAND CORP., peticionarias, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. FRANCISCO COLLAZO LIZARDI, JUEZ, demandado; CARLOS MANUEL RAMOS ROJAS, ETC., interventores; HEFTLER INTERNATIONAL INC., antes, hoy ISLAND PROPERTIES, INC., peticionarias, *v.* TRIBUNAL SUPERIOR, SALA DE BAYAMÓN, HON. CARMEN CONSUELO CEREZO, JUEZ, demandado; HEFTLER CONSTRUCTION CO. OF P.R., INC., antes, hoy ISLAND LAND CORP., peticionarias, *v.* TRIBUNAL SUPERIOR, SALA DE BAYAMÓN, HON. CARMEN CONSUELO CEREZO, JUEZ, demandado; HEFTLER INTERNATIONAL INC., antes, hoy ISLAND PROPERTIES, INC., peticionarias, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE BAYAMÓN, HON. JOSÉ F. RODRÍGUEZ RIVERA, JUEZ, demandado; NELSON OQUENDO GARCÍA, interventor; HEFTLER INTERNATIONAL, INC., antes, hoy ISLAND PROPERTIES, INC., peticionarias, *v.* TRIBUNAL SUPERIOR, SALA DE BAYAMÓN, HON. ABNER LIMARDO, JUEZ, demandado; VICENTE SERRANO, ETC., interventores.

*Números:* O-75-104, O-75-144, O-75-145, O-75-151, O-75-155        *Resueltos:* 14 de mayo de 1975

*Arturo Aponte Parés* y *Jorge López Keelan,* abogados de la peticionaria en todos los casos; *Demetrio Fernández,* abogado de los interventores en el Caso O-75-104; *Juan T. Peñagarícano, Jr.,* abogado ᵈde los interventores en los casos O-75-144, O-75-145 y O-75-151 e *Ismael Cuevas Velázquez,* abogado de los interventores en el caso O-75-155.

PER CURIAM: Hemos consolidado los casos de epígrafe no sólo con propósito de economía judicial en su disposición, sino con el objeto de ejemplarizar la situación que a diario se debate en las distintas salas de los tribunales de primera instancia sobre la eficacia de la Regla 11 de las de Adminis-

tración en armonía con la 39.2 de Procedimiento Civil, y las prácticas existentes hasta el presente que han anulado la efectividad del Poder Judicial de cumplir con su misión básica de dirimir prontamente las controversias.

■ Nos remitimos y reafirmamos en nuestros pronunciamientos vertidos en *Fine Art Wall Paper* v. *Wolff*, 102 D.P.R. 451 (1974), en el cual enfatizamos la labor constitucional e indelegable de los tribunales de primera instancia de velar y garantizar que los procedimientos y asuntos se ventilen sin demora, lo cual constituye la política judicial establecida por este foro con miras a lograr una justicia rápida y eficiente.

■ A lo allí expuesto, debemos aclarar que este enfoque se traduce en unas obligaciones que recaen sobre abogados y litigantes, que en sus variadas modalidades, se sintetizan del siguiente modo: diligencia y acción en el reclamo del derecho a todo lo largo del trámite judicial. Cubre desde la radicación de la demanda, su rápida contestación, el uso de los mecanismos de descubrimiento de prueba y el cumplimiento de las órdenes del tribunal.

Recientemente dimos contenido a este enfoque en un asunto sobre descubrimiento de prueba y nos manifestamos del siguiente modo:

"Es parte de la obligación de jueces y abogados abandonar toda práctica que con el tiempo impuso a nuestro sistema de justicia fama de exasperante lentitud. La Reforma no ha de quedarse en los tomos de leyes. Hay el firme propósito de insuflarle la energía necesaria para terminar con hábitos y recursos que dañan el concepto cabal de lo justo." *Girard Industries Corp.* v. *Tribunal Superior*, 103 D.P.R. 680 (1975).

■ En los casos ante nos, las distintas salas envueltas, en una u otra forma se negaron a aplicar la disposición de la Regla 11 no obstante haber los demandantes permanecido por más de un año sin activar y gestionar eficazmente sus respectivas causas de acción. Las excusas para ello, no impedían el señalamiento y dilucidación de los casos con o

sin la presencia de la entidad demandada, alegadamente insolvente. En todos, la validez de las excusas producidas para tal inactividad cae ante la existencia de mecanismos alternos judiciales que pudieron utilizarse para lograr una pronta solución de los mismos. La situación es intolerable, pues siempre hay una excusa que se aduce con mayor o menor vehemencia; ningún caso ". . . tiene derecho a la vida eterna ante los tribunales . . . ." *Madera Meléndez* v. *Negrón,* 103 D.P.R. 749 (1975).

Por los fundamentos expuestos, *se expiden los autos de certiorari solicitados en estos casos, y así expedidos, se dicta Sentencia dejando sin efecto las resoluciones y órdenes de los tribunales de instancia negándose a archivar los mismos por inactividad de las partes.*