# 95 DTA 185

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL DE PONCE Y AIBONITO
### PANEL I

DANIEL CAPPAS FELICIANO
Demandante-Recurrente

v.

ANATILDE CLASS TRUJILLO,
ANA MILAGROS RIVERA CLASS
Demandadas-Recurridas

Núm. KLCE-95-00301

San Juan, Puerto Rico, a 7 de junio de 1995

Panel integrado por su presidente, Juez Sánchez Martínez
y los Jueces Córdova Arone y Segarra Olivero

Segarra Olivero, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La parte demandante recurre de una determinación del Tribunal de Primera Instancia, Subsección de Distrito, Sala de Guayanilla, en la que se le impone, so pena de desacato, una sanción de $100.00 a favor de la parte demandada y de $50.00 a favor del Estado Libre Asociado, más la cancelación de los correspondientes sellos de rentas internas en la forma dispuesta en 32 L.P.R.A. sec. 1477 (p)██ La imposición de la sanción fue motivada por la solicitud verbal de suspensión de vista presentada por la parte demandante el mismo día señalado para la celebración del juicio. Alega la representación legal del demandante-recurrente que en la solicitud de transferencia de vista medió causa justificada, debido a que para la fecha de la vista cancelada el demandante se encontraba recibiendo tratamiento médico fuera de la jurisdicción. La petición, además, se hizo con la anuencia de la parte demandada.

En la Solicitud de *Certiorari* se señalan como errores cometidos por el Tribunal de Primera Instancia el condenar al demandante al pago de sanciones so pena de desacato sin darle oportunidad de presentar prueba a su favor; el conceder a la parte demandada un remedio no solicitado, toda vez que dicha parte había accedido a la solicitud de transferencia de vista; y el imponer el pago de una sanción a favor del Estado Libre Asociado cuando existía justa causa para la suspensión. Examinados los méritos del recurso, resolvemos modificar la resolución recurrida.

### I

La imposición de sanciones a una parte que incurra en conducta constitutiva de demora, inacción, abandono, obstrucción o falta de diligencia, se concibió como el mecanismo apropiado para obligar a una parte a desistir de esta actitud adversa a la tramitación eficiente de un caso. Ver Reglas 34.4 y 44.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III. Así, se provee a los foros adjudicativos un instrumento adicional para agilizar los procedimientos. El objetivo principal de la imposición de sanciones es prevenir conducta que interfiera con la eficiente administración de la justicia. *Lluch v. España Service Sta.,* 117 D.P.R. 729, 748 (1986). La imposición de sanciones a favor de las partes o del Estado representa una de las soluciones judiciales al eterno conflicto entre el procesamiento rápido y económico de las controversias frente a una adjudicación justa, preferiblemente en sus méritos. *Imp. Vilca, Inc. v. Hogares Crea, Inc.,* 118 D.P.R. 679, 687 (1987); *Román Cruz v. Díaz Rifas,* 113 D.P.R. 500, 507 (1982); *J.R.T. v. Missy Mfg. Corp.,* 99 D.P.R. 805, 811 (1971). En nuestra jurisdicción, las suspensiones injustificadas son una de las trabas mayores al adelanto del calendario en los tribunales del país. La obligación de los jueces de primera instancia de hacer un esfuerzo razonable para atender los casos en las fechas previstas les impone la responsabilidad de desalentar las suspensiones injustificadas mediante la aplicación de sanciones. *Fine Art Wallpaper v. Wolff,* 102 D.P.R. 451, 455-456 (1974). De la misma manera, los abogados litigantes deben abandonar toda práctica que contribuya a la dilación en el trámite judicial. Ver *Heftler Const., Co. v. Tribunal Superior,* 103 D.P.R. 844, 846, (1975).

En el caso de autos, la parte señala que su solicitud de suspensión estuvo plenamente justificada, ya que el demandante se encontraba recibiendo tratamiento médico en el extranjero. La existencia de causa justificada, sin embargo, no autoriza a una parte a esperar hasta el día del señalamiento cuya suspensión de solicita, retrasando así los trabajos del

tribunal, cuando la referida causa se conocía con anticipación a la fecha de la vista. Adujo el aquí recurrente en su Moción de Reconsideración ante el Tribunal de Primera Instancia que *"la solicitud de suspensión estaba justificada por una situación de emergencia por enfermedad surgida, **la cual no había sido notificada previamente al tribunal por existir la probabilidad de que el demandante regresara de dicho lugar y pudiera estar presente en la vista"***. (Enfasis suplido). El demandante conocía de antemano que su presencia en la vista era sólo *"probable",* y aún así se abstuvo de notificar al tribunal, esperando al último momento para solicitar la suspensión de la vista. Actuó correctamente el Tribunal de Primera Instancia al imponer sanciones a favor del Estado Libre Asociado por la demora provocada.

## II

El señalamiento de error relativo a la imposición de sanciones a beneficio de la parte demandada, aun cuando ésta había consentido a la posposición de la vista, nos parece acertado. No se justifica beneficiar económicamente a una parte cuando la misma se ha allanado a una petición de su oponente y no alega haber sufrido perjuicio alguno. Se elimina la sanción de $100.00 impuesta a favor de la parte demandada.

Por los fundamentos expuestos, se expide el auto solicitado, se confirma la resolución del Tribunal de Primera Instancia, en lo relativo a la sanción económica a favor del Estado Libre Asociado, y en lo atinente a la cancelación de sellos, y se revoca en la parte correspondiente a la sanción impuesta a beneficio de la parte demandada.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIO 95 DTA 185**

**1.** Véase, además, la Regla 10 de las Reglas para la Administración del Tribunal de Primera Instancia, del Estado Libre Asociado de Puerto Rico, 4 L.P.R.A. Ap. II-A.