Fiol Matta, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Se solicita la revocación de una sentencia dictada el 22 de febrero de 1995 y notificada el 8 de *1234 marzo de 1995, desestimando la demanda en el caso de autos al amparo de la Regla 39.2(a) de las de Procedimiento Civil, "[e]n vista de que la parte demandante ha hecho caso omiso de las órdenes de este tribunal, demostrando claro la falta de interés en el caso de epígrafe". A esta sentencia se interpuso moción de reconsideración el 17 de marzo de 1995. Sin embargo, al no acogerse previo al término dispuesto por ley para recurrir en alzada, se presentó certiorari oportunamente el 3 de abril de 1995. Expone el peticionario que el Tribunal de Primera Instancia erró al desestimar la demanda, pues tenía "otros recursos menos drásticos" frente a su incumplimiento.
Examinados los autos originales del caso confirmamos que la sentencia recurrida se emitió como sanción por el incumplimiento de la parte con una orden dictada por el Tribunal de Primera Instancia el 11 de noviembre, notificada el 29 de ese mes, que le requirió a éste expresarse en torno a una moción aclaratoria presentada por el representante de uno de los colindantes del predio cuyo dominio reclama el peticionario. Transcurrieron casi tres meses sin que se cumpliera la mencionada orden. Como única justificación, la parte peticionaria expresa en su moción de reconsideración y en su escrito de apelación, que la orden de 17 de noviembre de 1994 "se nos traspapeló".
No surge de los autos que se hubiere apercibido ni al abogado ni a la parte peticionaria de la posible imposición de la drástica sanción de la desestimación por su incumplimiento con la orden mencionada.
Resolvemos que erró el tribunal de instancia tanto al imponer la desestimación como primera sanción, como al no notificar y apercibir personalmente a su representado del curso de acción —o inacción— de su abogado.
Hemos reiterado en numerosas oportunidades que el ejercicio de la discreción judicial al momento de imponer sanciones requiere un balance a la vez delicado y difícil entre la obligación de los tribunales de velar porque los casos se ventilen sin demora y el derecho de toda parte a tener su día en corte. Al hacerlo, nos hacemos eco de una extensa jurisprudencia que así lo señala. Amaro González v. First Federal Savings Bank, 93 J.T.S. 46; Mercado Del Valle v. Panthers' Military Society, 90 J.T.S. 2; Echevarría Jiménez v. Sucn. Pérez Meri, 123 D.P.R. 664 (1989); Maldonado v. Srio. de Rec. Naturales, 113 D.P.R. 494 (1982); Garriga Gordils v. Maldonado Colón, 109 D.P.R. 817 (1980); Heftler Const. Co. v. Tribunal Superior, 103 D.P.R. 844 (1975). Cuando se contraponen estos dos principios fundamentales de nuestro ordenamiento procesal civil, los tribunales debemos inclinar la balanza a favor del derecho de todo litigante a que sus alegaciones se ventilen en sus méritos, puesto que la razón de ser no sólo del ordenamiento procesal sino de todo nuestro esquema adjudicativo, es hacer justicia y el derecho de toda parte a tener su día en corte es elemento sine qua non de este empeño. Maldonado v. Srio. de Rec. Naturales, supra; Arce v. Club Gallístico de San Juan, 105 D.P.R. 305 (1976); Ortiz Rivera v. Agostini, 92 D.P.R. 187 (1965).
En Maldonado v. Srio. de Rec. Naturales, supra, se aclaró que el poder discrecional que tienen los tribunales de desestimar una demanda o eliminar las alegaciones de una parte debe ejercerse como último recurso. Debe el juez siempre comenzar por aquellas sanciones que no priven a las partes de su día en corte ni contravengan el interés primordial en la adjudicación de los casos en los méritos. Es cuando éstas no producen frutos positivos que procederá "la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones", pero para ello es requisito que "la parte haya sido debidamente informada y/o apercibida de la situación y de las consecuencias que puede tener el que la misma no sea corregida". La razón para ello, según señala el Tribunal, es que:
"La experiencia señala que en la gran mayoría de los casos que presentan esta clase de dificultades —el presente caso es un ejemplo de ello— las partes no están enteradas de las actuación negligente de sus abogados y, al advenir en conocimiento de ello, la situación es corregida de inmediato." Maldonado v. Srio. de Rec. Naturales, supra, página 498.
El requisito de notificación personal impuesto en Maldonado v. Srio. de Rec. Naturales, supra, fue reiterado en Amaro González v. First Federal Savings Bank, supra. Allí, a la página 10545, el Tribunal Supremo expresó lo siguiente:
"Subsiste, pues, en nuestro ordenamiento procesal civil la imposición de sanciones severas para *1235 aquellos casos extremos en que no exista duda alguna de la "irresponsabilidad o contumacia de la parte contra quien se toman las medidas drásticas y donde ha quedado al descubierto el desinterés y abandono de la parte de su caso". Citas omitidas y énfasis en el original.
Al igual que en el caso de Amaro González, en el caso que nos ocupa, el tribunal de instancia nunca informó al peticionario de que su abogado incumplió una orden del tribunal, ni le apercibió de la posibilidad de imponer sanciones. Por tanto, no le permitió tomar acciones correctivas. Por eso resulta improcedente la desestimación de su acción.
Se revoca la sentencia recurrida y se ordena la continuación de los procedimientos-ante el tribunal de primera instancia. Atendida la falta de diligencia del abogado del peticionario, se le impone sanción económica de cien ($100) dólares a favor del Estado.
Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.
María la C. González Cruz
Secretaria General
ESCOLIO 95 DTA 315
1. Además de los casos citados en esta sentencia, el Tribunal Supremo nos refiere a los siguientes casos: Acevedo v. Co. Telefónica de P.R., 102 D.P.R. 787 (1974); Lluch v. España Service Station, 117 D.P.R. 729 (1986); Dávila v. Hosp. San Miguel Inc., 117 D.P.R. 807 (1986).