Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| FRANCISCO VALDÉS PÉREZ<br>**Apelante**<br><br>V.<br><br>*EUROWHEELS AUTO CORPORATION* y Otros<br><br>**Apelado** | KLAN202400690 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil. Núm. SJ2021CV06181<br><br>Sobre: Incumplimiento de contrato, Daños y Perjuicios |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

**Hernández Sánchez, Juez Ponente.**

**SENTENCIA**

En San Juan, Puerto Rico, a 11 de septiembre de 2024.

El 22 de julio de 2024, el Sr. Francisco Valdés Pérez (señor Valdés Pérez o apelante) compareció ante nos, por derecho propio, mediante *Apelación* y solicitó la revisión de una *Sentencia* que se emitió y notificó el 24 de junio de 2024 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI). Mediante el aludido dictamen, el TPI desestimó la *Demanda* con perjuicio y le impuso al señor Valdés Pérez $5,000.00 por concepto de honorarios de abogado por temeridad.

Por los fundamentos que expondremos a continuación, *confirmamos* el dictamen recurrido.

I.

A continuación, resumimos los hechos pertinentes para la disposición del recurso, los cuales surgen del expediente ante nuestra consideración y del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

El 23 de septiembre de 2021, el señor Valdés Pérez presentó una *Demanda* sobre resolución de contrato de compraventa y daños y perjuicios en contra de Eurowheels Auto Corporation (Eurowheels o apelado).[1] Alegó que, compró un vehículo marca Ferrari, modelo Modena de 1999 a Eurowheels por la cantidad de $76,000.00. Además, adujo que Eurowheels le entregó el auto con una licencia provisional mientras tramitaba el traspaso del auto. Sin embargo, arguyó que, posteriormente, Eurowheels le entregó la licencia del vehículo a su nombre con su firma falsificada. Sostuvo que Eurowheels utilizó a terceras personas para efectuar el traspaso del auto en el Departamento de Transportación y Obras Públicas (DTOP) con un título que contenía firmas falsificadas y, por consiguiente, que constituían documentos falsos. Así pues, esbozó que no pudo vender su auto, toda vez que la firma y el título no eran válidos.

Por todo lo anterior, razonó que las acciones de Eurowheels le causaron daños irreparables e irreversibles. A su vez, argumentó que tenía derecho a la resolución del contrato de compraventa y, que se le pagara por los daños y perjuicios ocasionados. En específico, el señor Pérez Valdés solicitó la devolución de los $76,000.00 que pagó por concepto de la compraventa del carro; los gastos incurridos en el mantenimiento y reparaciones del auto estimados en el $30,000.00 y; los gastos incurridos en seguros, más los intereses del dinero invertido en el auto al 4.25% desde la fecha en que se otorgó el contrato.

Posteriormente, el 14 de octubre de 2021, el apelante presentó una *Moción de Sentencia Sumaria.*[2] Planteó que, no existía controversia sobre los hechos alegados en la *Demanda*. Además, acompañó la moción con un listado de gastos que incurrió en el mantenimiento de su vehículo. En virtud de lo anterior, reiteró que

---

[1] Véase, págs. 85-88del apéndice del recurso.
[2] Véase, Anotación 5, SUMAC.

Eurowheels estaba obligado a devolverle la cantidad de $76,000.00, los gastos incurridos en el mantenimiento del vehículo, las reparaciones efectuadas y el pago de seguros *full cover*, los cuales estimó en más de $26,299.03.

Por su parte, el 22 de octubre de 2021, Eurowheels presentó una *Moción asumiendo representación legal y solicitando prórroga*.[3] En síntesis, solicitó treinta (30) días para presentar moción responsiva a la *Demanda*. Cónsono con lo anterior, el 6 de diciembre de 2021, Eurowheels presentó una *Moción de Desestimación*.[4] Planteó, que el Sr. Pedro Valdés Ortiz (señor Valdés Ortiz), hijo del apelante, presentó la Demanda *Pedro E. Valdés Ortiz y, APACO Invest Inc. y otros*, alfanumérico KCD2017-0659 (905), previo a la *Demanda* de epígrafe. Alegó que, mediante dicha causa de acción, el señor Valdés Ortiz presentó una Demanda contra Eurowheels[5], el apelante y otros, en la cual reclamó ser el dueño del Ferrari 360 y solicitó que el vehículo fuera registrado a su nombre. No obstante, señaló que únicamente quedaba pendiente la adjudicación de los hechos en contra del apelante, quien se encontraba en rebeldía.

Además, indicó que, el 11 de agosto de 2017, el apelante presentó una *Demanda de Consolidación* en el caso civil núm. SJ2017CV01741 en contra de Eurowheels, la Sra. Charlotte Durán, D&C Auto Registration, la Sra. Diana Rivera, la Sra. Bernardette Arocho Cruz, el señor Valdés Ortiz, y su esposa, la Sra. Yadalis Merys Arroyo y la Sociedad Legal de Gananciales compuesta por ambos, el Lcdo. Rafael A. Meléndez Barrionuevo y su esposa, y la Sociedad Legal de Gananciales compuesta por ambos. Sostuvo que, mediante la *Demanda de Consolidación*, el apelante reclamó ser el

---

[3] Véase, Anotación 7, SUMAC.
[4] Véase, págs. 89-107 del apéndice del recurso.
[5] Íd., pág. 84. El 15 de junio de 2020, el TPI emitió una Sentencia Parcial en la cual decretó el archivo con perjuicio de la causa de acción instada en contra de Eurowheels, la Sra. Bernardette Arocho Cruz, la Sra. Charlotte Durán Couver y DC Auto Registration Inc.

comprador y dueño del Ferrari 360. No obstante, Eurowheels sostuvo que el 27 de enero de 2020, el TPI emitió una Sentencia en el caso civil núm. SJ2017CV01741 en la cual desestimó el pleito en su totalidad. Adujo que, en esencia, el TPI determinó que existían dos casos ventilándose simultáneamente, a saber, los casos civiles número KCD2017-0659 (905) y SJ2017CV01741, en distintas salas del Tribunal por los mismos hechos, entre las mismas partes y con una misma controversia medular.[6]

Además, expuso que, el TPI puntualizó que el apelante presentó una segunda causa de acción en contra de Euroewheels, alfanumérico SJ2020CV04625, en la cual reclamó lo mismo que en el caso SJ2017CV01741. Indicó que, ante esto, el 9 de julio de 2021, el TPI emitió y notificó una Sentencia en el caso civil núm. SJ2020CV04625 desestimando el pleito en su totalidad. El TPI nuevamente resaltó que el apelante temerariamente reclamó exactamente lo mismo que en el caso SJ2017CV01741.[7] Por último, esgrimió que el señor Valdés Pérez presentó el pleito de epígrafe por tercera ocasión y, reclamó los mismo que en las demandas presentadas en el 2017 y el 2020.

Ante este escenario, Eurowheels razonó que procedía la desestimación de la *Demanda* de epígrafe, toda vez que la reclamación era cosa juzgada. A su vez, enfatizó que el señor Valdés Pérez venía obligado a presentar en el caso KCD2017- 0659, por vía de reconvención compulsoria o demanda contra coparte, la causa de acción que estaba reclamando en el caso de epígrafe. Por último, aclaró que los hechos esenciales de las reclamaciones

---

[6] El señor Valdés Pérez apeló la *Sentencia* que emitió el TPI en el caso SJ2017CV01741 ante el Tribunal de Apelaciones, alfanumérico KLAN202000241. El 30 de junio de 2020, este Tribunal dictó *Sentencia* desestimando el recurso de apelación por falta de jurisdicción.

[7] El señor Valdés Pérez presentó un recurso de apelación ante el Tribunal de Apelaciones, alfanumérico KLAN202100651. En esencia, impugnó la *Sentencia* que emitió el TPI en el caso SJ220CV04625. El 10 de septiembre de 2021, este Tribunal emitió una *Sentencia* desestimando el recurso de apelación por falta de jurisdicción, toda vez que el apelante presentó el recurso tardío.

SJ2017CV01741 y SJ2020CV04625 eran exactamente iguales y, que las controversias de derecho eran las mismas. Entiéndase, la validez de la transacción de compraventa y titularidad del Ferrari 360.

En vista de lo solicitado por Eurowheels, el 8 de diciembre de 2021, el TPI emitió una *Orden,* que se notificó al día siguiente, en la cual concedió al señor Valdés Pérez el término de veinte (20) días para expresar su posición.[8] Tras varios trámites procesales y, en incumplimiento con lo ordenado, el 17 de mayo de 2023, el apelante presentó una *Segunda Moción de Sentencia Sumaria.*[9] Mediante dicha moción, reiteró los planteamientos de la moción de sentencia sumaria que presentó el 14 de octubre de 2021.

Por su parte, el 8 de junio de 2023, Eurowheels presentó su *Segunda Solicitud de Desestimación de Pleito y Oposición a Solicitud de Sentencia Sumaria.*[10] Sostuvo que la moción de sentencia sumaria que presentó el apelante no cumplía con los requisitos de la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R.36. Asimismo, reafirmó los argumentos de su moción de desestimación. Apuntó que, el señor Valdés Pérez estaba obligado a presentar su reconvención en el pleito KCD2017-0659, el cual continuaba litigándose. Enfatizó, que en dicho pleito surgió de la misma transacción que el pleito de epígrafe. Por último, alegó que procedía la desestimación del pleito, al igual que en los casos SJ2017CV01741 y SJ2020CV04625.

En desacuerdo, el 15 de junio de 2023, el apelante presentó su *Réplica a Segunda Solicitud de Desestimación de Pleito y Oposición a Solicitud de Sentencia Sumaria.* Adujo que el TPI no atendió los planteamientos de derecho que presentaron las partes

---

[8] Véase, Anotación 10, SUMAC.
[9] Véase, Anotación 28, SUMAC.
[10] Véase, Anotación 30, SUMAC

en sus distintas mociones. Por último, citó una *Sentencia Parcial* que dictó el TPI el 9 de diciembre de 2021, en el caso KCD2017-0659. Señaló que, en dicha Sentencia, el TPI ordenó al DTOP a inscribir el vehículo Ferrari modelo 360 Modena a nombre del señor Valdés Ortiz.

Luego de examinar los argumentos presentados por las partes, el 24 de junio de 2024, el TPI emitió y notificó una *Sentencia* en la cual atendió las mociones presentadas por las partes.[11] En específico, resolvió lo siguiente:

> Con anterioridad al caso que nos ocupa, la parte demandante radicó dos casos anteriores: Francisco Valdés Pérez vs. Eurowheels Auto Corporation, et al., SJ2017CV01741 y Francisco Valdés Pérez vs. Eurowheels Auto Corporation, et al., SJ2020CV04625 que versan sobre los mismos hechos, objeto y transacción de este caso y en el cual estaba en controversia la titularidad del vehículo Ferrari Modena 360 y el modo en que se hizo el traspaso. Existe un tercer caso: Pedro E. Valdés Ortiz v. Apaco Invest Inc. y otros, Civil Núm. K CD2017- 0659 el cual también trata sobre la titularidad del vehículo Ferrari Modena 360 aquí en cuestión y en donde el Tribunal ha ordenado se registre el referido vehículo ante el Departamento de Transportación y Obras Públicas a favor del Sr. Pedro E. Valdés Ortiz. De por si la Sentencia Parcial dictada al respecto en el caso K CD2017-0659 de por si hace académico el presente caso y nos obliga a desestimar el mismo.
>
> [...]
>
> De todas formas, el presente caso merece también ser desestimado por otras múltiples razones procesales adicionales. El Sr. Valdés Pérez es codemandado en el caso Civil Núm. K CD2017-0659, y allí se le anotó la rebeldía. Por consiguiente, no se le permitió la Contestación a la Demanda que intentó presentar, la cual incluía reclamaciones contra las demás partes y una Reconvención. A causa de ello, el Sr. Valdés Pérez radicó los casos SJ2017CV01741, SJ2017CV01741 y el caso que aquí nos ocupa para poder incluir dichas reclamaciones. Una de las controversias que el Civil Núm. K CD2017-0659 ha resuelto es sobre la titularidad del vehículo Ferrari Modena 360 y su traspaso ante el DTOP a favor de Pedro E. Valdés Ortiz, lo cual ya de por sí resuelve la controversia que aquí reclama el demandante en relación con dicho vehículo de motor. En el caso Civil Núm. K CD2017-0659, el Sr. Valdés Ortiz reclamó en su Demanda que es el dueño titular del vehículo, y alegó que su padre y aquí

---

[11] Véase, págs. 1-19 del apéndice del recurso.

demandante, el Sr. Valdés Pérez, ostentaba ilegalmente la posesión de este.13 Para tratar de obviar la realidad procesal radicó el aquí demandante radicó todos los pleitos subsiguientes (SJ2017CV01741 y SJ2020CV04625) los cuales fueron desestimados reconociendo la imposibilidad de que existieran multiplicidad de casos ventilándose simultáneamente en distintas salas de este Tribunal por los mismos hechos, entre las mismas partes y con una misma controversia medular.

No conforme con lo anterior, el demandante volvió a reclamar lo mismo en el caso de epígrafe. Al margen de la prueba que en su momento se pudiera admitir en el presente caso, es relevante considerar que el Sr. Valdés Pérez está en rebeldía en el caso Civil Núm. K CD2017-0659, razón por la cual, las alegaciones de la demanda bien formuladas han de darse por ciertas, incluida aquella sobre a quien corresponde la titularidad del vehículo; Regla 45 de las de Procedimiento Civil, 32 LPRA Ap. V, R 45; Alamo Pérez v. Supermercado Grande, Inc., 158 DPR 93, 101 (2002). En vista de que los daños que aquí reclama el Sr. Valdés Pérez están sujetos a una titularidad que, ante la rebeldía anotada y la Sentencia Parcial dictada en el caso KCD2017-0659, recae sobre su hijo y no sobre él, sus argumentos resultan nuevamente infundados.

Además, la radicación del presente ha ocasionado que existan dos casos ventilándose simultáneamente en distintas salas de este Tribunal por los mismos hechos y con una misma controversia medular. Tal cual, levanta la probabilidad de que surjan fallos incompatibles relacionados a un mismo incidente. Para evitar que ello ocurra, como explicamos, nuestro ordenamiento procesal rechaza la adjudicación por dos foros de una misma controversia y procura desalentarla. Sin duda, el presente caso produce un sesgo procesal que crea una dualidad adjudicativa impermisible sobre la controversia de autos. No podemos avalar dicho proceder. Hacerlo, implicaría obviar el hecho de que al Sr. Valdés Pérez se le anotó la rebeldía en el caso Civil Núm. K CD2017-0659, se le desestimó la misma reclamación en el SJ2017CV01741 y SJ2020CV04625 y sería una incorrecta aplicación de nuestras Reglas de Procedimiento Civil, pues se permitiría la desviación de las consecuencias de la anotación de rebeldía a una parte. No sería adecuado retribuir las tácticas procesales del aquí demandante posteriores a que se le anotara la rebeldía en el otro caso. Menos, cuanto esto implicaría dejar en la práctica sin efecto la determinación de una Sala Hermana de igual jerarquía.

En esencia, el TPI determinó que el caso de epígrafe se presentó con posterioridad a los casos KCD2017-0659, SJ2017CV01741 y al SJ2020CV04625, por lo que no se le podía conceder remedio alguno al señor Valdés Pérez, toda vez que lo que

solicitó en la Demanda de epígrafe había sido resuelto por el TPI en el caso KCD2017-0659. Apuntó, que atender la controversia era contrario a los principios de economía procesal, multiplicidad de pleitos y evitar remedios incompatibles provenientes de distintos foros. Por otra parte, concluyó que traer al pleito a la Sra. Charlotte Durán h/n/c D&C Auto Registration, a la Sra. Diana Rivera h/n/c D&C Auto Registration, a la Sra. Bernadette Arocho Cruz, al Sr. Pedro E. Valdés Ortiz y su esposa, la Sra. Yidalis Merys Arroyo, y al Lcdo. Rafael A. Meléndez Barrionuevo y su esposa, la Sra. Jane Doe era obviar lo resuelto al desestimar el caso SJ2017CV01741.

En vista de lo anterior, el TPI determinó que no existía una causa de acción que justificara la concesión de un remedio, a tenor con la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R.10.2. Así pues, desestimó la *Demanda* que presentó el apelante por tercera ocasión. De igual forma, el TPI apuntó que el señor Valdés Pérez fue temerario, dado que obligó a litigar a varias personas y a defenderse de una reclamación improcedente obligándolos a incurrir en gastos y costas inherentes al trámite judicial. Por ello, le impuso honorarios por temeridad al apelante. No obstante, el Tribunal enfatizó que el apelante insistió en litigar dicho asunto a conciencia de la existencia de múltiples casos paralelos. Por todo lo anterior, el TPI desestimó la *Demanda* con perjuicio y le condenó al pago de $5,000.00 en honorarios por temeridad y costas.

En desacuerdo, el 1 de julio de 2024, el apelante presentó sus *Planteamientos de Derecho y Otros Extremos Reconsideración*.[12] En esencia, alegó que la *Sentencia* que emitió el TPI era prematura, toda vez que en el caso K CD2017-0659 se emitió una *Orden* el 8 de marzo de 2024, la cual le ordenó al señor Valdés Pérez a que, en el término de 20 días, bajo apercibimiento de desestimación, compareciera

---

[12] Íd., págs. 20-24.

representado por abogado y, que informara tres (3) fechas hábiles para celebrar la vista evidenciaria. Además, enfatizó que, aunque al apelante se le anotó la rebeldía, debía comparecer asistido por abogado o abogada.

Así las cosas, el 10 de julio de 2024, el TPI emitió una *Orden*, que se notificó al día siguiente, en la cual declaró No Ha Lugar a la reconsideración.[13] Aún inconforme, el 22 de julio de 2024, el señor Valdés Pérez presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> **Incidió en derecho el TPI y abusó intencionalmente de su discreción judicial al no considerar que el demandante-recurrente tomó la posesión del Auto Ferrari 360 Modena de 1999, allá y para marzo 1, 2012 cuando Eurowheels le entregó el Auto al demandante-recurrente con una Licencia Provisional y, tuvo la posesión del Auto hasta el 20 de junio de 2023, esto es, tuvo la posesión del mencionado Auto por más de once (11) años con tres (3) meses.**
>
> **Incidió en derecho el TPI y abusó intencionalmente de su discreción judicial al no considerar lo establecido en el Artículo 717, sobre la Equivalencia de la posesión del título, ni lo establecido en el Artículo 786 sobre la Usucapión de bien mueble.**
>
> **Incidió el TPI y abusó intencionalmente de su discreción judicial al no considerar que la Sentencia recurrida emitida por una sala hermana, que había quedado en suspenso ante planteamientos de hechos y de derecho presentados por el demandante-recurrente en el Civil. Núm. K CD2017-0659, esto es el 8 de marzo de 2024, la sala hermana había emitido una orden, donde lee:**
>
>> **"Evaluado el expediente de epígrafe, el Tribunal ordena al señor Pedro Valdés Pérez, Parte Demandante, a que, en el término de 20 días, bajo apercibimiento de desestimación."**
>>
>> **1.Comparezca a través de abogado.**
>>
>> **2.Informe a través del representante legal que comparezca al menos 3 fechas hábiles para celebrar vista evidenciaria en su fondo en días martes y miércoles.**
>>
>> **"Aunque el señor Francisco Valdés Pérez se encuentra en rebeldía, deberá asistir con**

---

[13] Íd., págs. 25-26.

**abogado o abogada que le represente a la vista evidenciaria.”**

Atendido el recurso, el 20 de agosto de 2024, emitimos una *Resolución* concediéndole a la parte apelada hasta el 23 de agosto de 2024, para presentar su alegato en oposición. Oportunamente, Eurowheels presentó su *Alegato en Oposición a Recurso de Apelación* y negó que el TPI cometiera los errores que el apelante le imputó.

Con el beneficio de la comparecencia de ambas partes procedemos a resolver el asunto ante nos. *Veamos.*

II.

El principio rector de las Reglas de Procedimiento Civil es proveerles a las partes envueltas en un pleito legal, una solución justa, rápida y económica en todo procedimiento. Regla 1 de Procedimiento Civil, 32 LPRA Ap. V., R. 1. Del mismo modo, las Reglas de Procedimiento Civil establecen mecanismos para la tramitación ordenada de los casos en los tribunales, de forma tal que se garantice el debido proceso de ley. *Reyes v. Cantera Ramos, Inc.,* 139 DPR 925, 926 (1996). En virtud de ello, el TPI tiene la indelegable labor de velar y garantizar que los procedimientos y asuntos ante su consideración se ventilen sin demora con miras a lograr una justicia rápida y eficiente. *In re Pagani Padro,* 181 DPR 517, 529 (2011) citando a *Heftler Const. Co. V. Tribunal Superior,* 103 DPR 844, 846 (1975). Es decir, los jueces del TPI gozan de amplia discreción para gobernar los procedimientos judiciales y deben conseguir un balance justo entre el interés de que los pleitos se resuelvan en sus méritos y el interés de no permitir demoras innecesarias o duplicidad en el trámite judicial. *Piazza v. Isla del Río,* Inc.,158 DPR 440 (2003).

Nuestras Reglas de Procedimiento Civil tienen la finalidad de evitar la proliferación de acciones, lograr la económica procesal y evitar la indeseable probabilidad de que surjan fallos incompatibles

relacionados con un mismo incidente. *Vives Vázquez v. E.L.A.*, 142 DPR 117, 125 (1996). Así también, un principio cardinal en nuestro derecho procesal es el de evitar la multiplicidad de pleitos, y de adjudicar en una causa las distintas reclamaciones de las partes cuando la naturaleza de las causas lo permiten". Íd. Así pues, nuestro ordenamiento procesal civil rechaza la adjudicación por dos foros de una misma controversia para evitar sujetar las partes a resultados incompatibles provenientes de diferentes foros. *Consejo de Titulares v. Gómez Estremera*, 184 DPR 407, 427 (2012).

Cónsono con lo anterior, nuestro Tribunal Supremo ha expresado que es indeseable la bifurcación o fragmentación de los procedimientos judiciales, ya que "las Reglas de Procedimiento Civil propenden a la máxima expansión del ámbito de la acción civil trayendo a su núcleo los elementos dispersos de reclamaciones, partes y remedios en orden a la adjudicación integral de la controversia". *Pueblo v. Agostini Rodríguez*, 151 DPR 426 (2000). Por consiguiente, el ordenamiento procesal civil rechaza la adjudicación por dos tribunales de una cuestión que es esencialmente indivisible. Íd. En este sentido, el Tribunal Supremo expresó en *Rivera Schatz v. E.L.A.,* 191 DPR 470, 478 (2014) que, "[t]ener en dos foros distintos de manera simultánea dos casos que versan sobre la misma controversia no contribuyen a la economía procesal y abre la puerta a la posibilidad de resultados contradictorios".

Por otro lado, en reiteradas ocasiones el Tribunal Supremo ha expresado que en su misión de hacer justicia la discreción es el más poderoso instrumento reservado a los jueces. *Lozada Sánchez v. J.C.A. I,* 183 DPR 356, 365 (2011). En el ámbito del desempeño judicial, la discreción no significa poder para actuar en una forma u otra, haciendo abstracción del resto del derecho, sino una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Banco Popular de P.R. v. Municipio de*

*Aguadilla,* 144 DPR 651, 657–658 (1997). De lo antes expuesto se puede colegir que mientras la función del tribunal sentenciador es atender los casos y asuntos inmediatamente ante su consideración, nuestro deber trasciende esta función y nos obliga a velar por el adecuado funcionamiento de todo el sistema, en todo momento. *Vives Vázquez v. E.L.A.*, supra, pág.141.

### III.

En el presente recurso, el apelante impugnó una *Sentencia* que el TPI dictó y notificó el 24 de junio de 2024 desestimando su causa de acción con perjuicio. Específicamente en su primer señalamiento de error, el señor Valdés Pérez planteó que el TPI erró al no considerar que el apelado tomó la posesión del Auto Ferrari 360. Por otra parte, en su segundo señalamiento de error, sostuvo que el TPI erró al no considerar lo establecido en el Artículo 717 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 7844, sobre la equivalencia de la posesión del título, ni lo establecido en el Artículo 786 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 8030, sobre la usucapión de bien mueble. Por último, en su tercer señalamiento de error, argumentó que el TPI erró al no considerar que la *Sentencia* recurrida, había quedado en suspenso ante planteamientos de hechos y de derecho presentados por el apelado en el caso KCD2017-0659. Específicamente, señaló que el TPI emitió una *Orden* en el caso KCD2017-0659, en la cual le ordenó a comparecer representado por un abogado y, que informara tres (3) fechas hábiles para celebrar la vista evidenciaria en su fondo, a pesar de que estaba en rebeldía.

Previo a discutir los señalamientos de error, es necesario que tomemos conocimiento judicial sobre lo siguiente[14]:

**A.** ***Pedro E. Valdés Ortíz v. APACO Invest Inc. y otros, KCD2017-0659***

---

[14] Visitamos el SUMAC para una evaluación de cada caso.

El 13 de febrero de 2017, el señor Valdés Ortiz, hijo del apelante, presentó una *Demanda* en cobro de dinero y daños y perjuicios contra APACO Invest. Inc., el señor Valdés Pérez, Eurowheels Auto Corp., Charlotte Durán h/n/c D&C Auto Registration y la Sra. Arocho Cruz.[15] En esencia, adujo que el 21 de febrero de 2012, él y su padre, adquirieron el vehículo Ferrari 360 Modena, por la suma de $76,000.00 en Eurowheels. Arguyó que dicho vehículo fue girado a una cuenta del Banco Popular del estado de Florida que estaba a nombre de ambos. Añadió que el Ferrari 360 fue adquirido a su nombre y que así fue registrado en el DTOP, quien emitió un certificado de título y un permiso para vehículos de motor a su nombre. Asimismo, planteó que, el señor Valdés Pérez escribió una carta a Eurowheels solicitándole el traspaso urgente del Ferrari 360 a su nombre, toda vez tuvo una discusión con su hijo. Por último, alegó que, tras la insistencia del señor Valdés Pérez, en agosto del año 2012, se hizo el traspaso del vehículo de manera ilegal, sin la presencia ni las firmas de ambos.

Por todo lo anterior, el señor solicitó que se le reconociese como verdadero dueño del Ferrari 360 y se le devolviese la titularidad y posesión del vehículo que poseía fraudulentamente el señor Valdés Pérez. Adicionalmente, solicitó daños y perjuicios de todos los codemandados por actuar ilegal y en común acuerdo a solicitud del señor Valdés Pérez, para privarlo del uso y disfrute de su propiedad. Posteriormente, el 12 de junio de 2017, se le anotó la rebeldía al señor Valdés Pérez y, el TPI declaró No Ha Lugar a la *Contestación a la Demanda* que presentó. Dicha sala se mantuvo en lo resuelto ante varios intentos del señor Valdés Pérez para que se levantara la anotación de rebeldía.

---

[15] Íd., págs. 84. El 15 de junio de 2020, el TPI emitió una *Sentencia Parcial* en la cual decretó el archivo con perjuicio de la causa de acción instada en contra de Eurowheels, la Sra. Bernardette Arocho Cruz, la Sra. Charlotte Durán Couver y DC Auto Registration Inc.

Finalmente, el señor Valdés Pérez acudió ante este foro mediante un recurso de *Certiorari*, alfanumérico, KLCE201800783, e impugnó una *Orden* emitida por el TPI el 17 de mayo de 2018. Mediante el referido dictamen, el TPI declaró No Ha Lugar a un escrito intitulado *Segunda moción en equidad y por justa causa solicitando se levante la anotación de rebeldía al codemandado Francisco Valdés Pérez*. Atendido el recurso, el 30 de julio de 20218, este foro emitió una *Resolución* en la cual denegó la expedición del recurso.

Cabe precisar, que el 9 de diciembre de 2021, el TPI emitió una *Sentencia Parcial* en el caso KCD2017-0659, en la cual ordenó al DTOP a inscribir el vehículo Ferrari modelo 360 Modena a nombre del Sr. Pedro E. Valdés Ortiz. Dicho caso tiene juicio señalado para el 3 de diciembre de 2024 ante el TPI.

### B. *Francisco Valdés Pérez vs. Eurowheels Auto Corporation, et al.*, SJ2017CV01741

El 11 de agosto de 2017, el señor Valdés Pérez radicó, por derecho propio, una *Demanda de Consolidación* contra Eurowheels, Charlotte Durán h/n/c D&C Auto Registration, la Sra. Diana Rivera h/n/c D&C Auto Registration, la Sra. Bernadette Arocho Cruz, el Sr. Pedro E. Valdés Ortiz y su esposa, la Sra. Yidalis Merys Arroyo y la Sociedad Legal de Gananciales compuesta por ambos, y el Lcdo. Rafael A. Meléndez Barrionuevo (licenciado Meléndez Barrionuevo) y su esposa, Jane Doe, en representación de la Sociedad Legal de Gananciales compuesta por ambos.

En esencia, argumentó que efectuó la transacción de compraventa del Ferrari 360 Modena con Eurowheels, por lo que era el dueño de dicho vehículo. Añadió, que su hijo, el señor Valdés Ortiz, únicamente figuró en el contrato de compraventa como comprador, pero no fue el comprador genuino y bonafide. Además, alegó que, Eurowheels, junto a D&C Auto y la señora Arocho Cruz,

le entregaron un nuevo título y licencia a su nombre, por medio de un traspaso ilegal en el que falsificaron su firma. De otra parte, el señor Valdés Pérez incluyó en la *Demanda* una reclamación en daños y perjuicios ante la presunta falsedad de ciertas alegaciones que presentaron el señor Valdés Ortiz y su abogado, el Lcdo. Meléndez Barrionuevo, en el pleito judicial KCD2017-0659. Por último, enfatizó que las alegaciones del pleito KCD2017-0659 eran falsas y que esas actuaciones causaron que se le anotara la rebeldía en dicho pleito.

Por todo lo anterior, solicitó la suma de $76,000.00, cantidad que pagó en la compraventa del Ferrari 360; más $30,000.00 por los gastos incurridos en el mantenimiento y reparaciones del automóvil; la suma que pagó para el Seguro Full Cover del vehículo y; $40,000.00 por daños y perjuicios. También, solicitó la suma de $300,000.00 a pagarse solidariamente entre el señor Valdés Ortiz y el Lcdo. Meléndez Barrionuevo por los daños y perjuicios que le ocasionaron, toda vez que le anotaran la rebeldía en el caso KCD2017-0659.

Luego de varios trámites procesales, las partes demandadas presentaron una *Moción Conjunta de Desestimación*. En síntesis, alegaron que procedía la desestimación de la *Demanda*, debido a que existía un pleito judicial pendiente relacionado a los mismos hechos, entre las mismas partes, y una misma controversia. Entiéndase, la titularidad del vehículo Ferrari 360. Plantearon que, se estaba dilucidando la misma controversia que en el caso K CD2017-0659. Apuntaron que, dicho proceder estaba en contra de los principios de economía procesal y generaba posibles resultados contradictorios sobre un mismo asunto. A su vez, los demandados indicaron que, bajo la doctrina de la reconvención compulsoria, el señor Valdés Pérez estaba obligado a presentar sus alegaciones en el caso KCD2017-0659.

Por su parte, el señor Valdés Pérez presentó su *Moción en Cumplimiento de Orden.* En resumen, expuso que presentó la *Demanda* SJ2017CV01741, toda vez que en el caso KCD2017-0659 se le anotó la rebeldía y el Tribunal no aceptó su *Contestación a la Demanda y Reconvención.* Así las cosas, el 27 de enero de 2020 el TPI dictó *Sentencia* desestimando en su totalidad el caso SJ2017CV01741. En particular el TPI concluyó lo siguiente:

> "Aparte, la presentación de este caso ha ocasionado que existan dos casos ventilándose simultáneamente en distintas salas de este Tribunal por los mismos hechos, entre las mismas partes y con una misma controversia medular. Tal cual, levanta la probabilidad de que surjan fallos incompatibles relacionados a un mismo incidente. Para evitar que ello ocurra, como explicamos, nuestro ordenamiento procesal rechaza la adjudicación por dos foros de una misma controversia y procura desalentarla. Sin duda, el presente caso produce un sesgo procesal que crea una dualidad adjudicativa impermisible sobre la controversia de autos. No podemos avalar dicho proceder. Hacerlo, implicaría obviar el hecho de que al Sr. Valdés Pérez se le anotó la rebeldía en el caso Civil Núm. K CD2017-0659 y sería una incorrecta aplicación de nuestras Reglas de Procedimiento Civil, pues se permitiría la desviación de las consecuencias de la anotación de rebeldía a una parte. No sería adecuado retribuir las tácticas procesales del aquí demandante posteriores a que se le anotara la rebeldía en el otro caso. Menos, cuanto esto implicaría dejar en la práctica sin efecto la determinación de una Sala Hermana de igual jerarquía…"

Inconforme, el señor Valdés Pérez acudió ante el Tribunal de Apelaciones y presentó un recurso de Apelación, alfanumérico KLAN202000241. Mediante el aludido dictamen, el señor Valdés Pérez impugnó la *Sentencia* que emitió el TPI. Por su parte, el Tribunal de Apelaciones dictó *Sentencia* el 30 de junio de 2020, en la cual desestimó el recurso de apelación por falta de jurisdicción por tardío.

### C. *Francisco Valdés Pérez vs. Eurowheels Auto Corporation, et al.*, SJ2020CV04625

El 28 de agosto de 2020, el señor Valdés Perez presentó nueva *Demanda* contra Eurowheels. En esta reiteró las alegaciones del caso SJ2017CV01741. Luego de varios trámites procesales, el 4 de

noviembre de 2020, Eurowheels presentó una *Moción De Desestimación.* En su escrito, expuso que el señor Valdés Pérez estaba impedido de radicar el pleito en virtud de lo resuelto en los casos KCD2017-0659 y SJ2017CV01741. Particularmente, señaló que existía una sentencia final y firme en la cual se le anotó la rebeldía al señor Valdés Pérez en el caso KCD2017-0659. Por tanto, razonó que, permitir que el trámite del nuevo caso continuara, sería aplaudir las tácticas procesales temerarias del señor Valdés Pérez para dejar sin efecto las determinaciones del caso KCD2017-0659. En la alternativa, reclamó falta de partes indispensables. En desacuerdo, el 19 de abril de 2021, el señor Valdés Pérez presentó su *Moción en Oposición a Desestimación* en la cual reiteró los planteamientos de la *Demanda.*

Luego de examinar los planteamientos presentados por las partes, el 9 de julio de 2021 el TPI dictó su *Sentencia* en la cual desestimó el pleito en su totalidad. En dicha *Sentencia* el TPI resolvió lo siguiente:

> El Sr. Valdés Pérez es codemandado en el caso Civil Núm. K CD2017-0659, y allí se le anotó la rebeldía. Por consiguiente, no se le permitió la Contestación a la Demanda que intentó presentar, la cual incluía reclamaciones contra las demás partes y una Reconvención. A causa de ello, el 11 de agosto de 2017, el Sr. Valdés Pérez instó el caso SJ2017CV01741 poder incluir dichas reclamaciones. Una de las controversias medulares pendientes de resolver en el caso Civil Núm. KCD2017-0659 es la titularidad del vehículo Ferrari Modena 360 y su traspaso la cual surge a raíz de los mismos hechos que se alegan en esta tercera demanda. En el caso Civil Núm. K CD2017-0659, el Sr. Valdés Ortiz reclama en su Demanda que es el dueño titular del vehículo, y alega que su padre y aquí demandante, el Sr. Valdés Pérez, ostenta ilegalmente la posesión de este. Para tratar de obviar la realidad procesal radicó un segundo pleito (SJ2017CV01741) que le fue desestimado reconociendo la imposibilidad de que existieran dos casos ventilándose simultáneamente en distintas salas de este Tribunal por los mismos hechos, entre las mismas partes y con una misma controversia medular.
>
> No conforme con lo anterior el demandante temerariamente volvió a reclamar lo mismo en el caso de epígrafe. Al margen de la prueba que en su momento

se pudiera admitir en el presente caso, es relevante considerar que el Sr. Valdés Pérez está en rebeldía en el caso Civil Núm. K CD2017-0659, razón por la cual, las alegaciones de la demanda bien formuladas han de darse por ciertas, incluida aquel sobre a quien corresponde la titularidad del vehículo; Regla 45 de las de Procedimiento Civil, 32 LPRA Ap. V, R 45; Alamo Pérez v. Supermercado Grande, Inc., 158 DPR 93, 101 (2002). En vista de que los daños que aquí reclama el Sr. Valdés Pérez están sujetos a una titularidad que, ante la rebeldía anotada, recae sobre su hijo y no sobre él, sus argumentos resultan nuevamente infundados.

Además, la radicación de este tercer caso ha ocasionado que existan dos casos ventilándose simultáneamente en distintas salas de este Tribunal por los mismos hechos y con una misma controversia medular. Tal cual, levanta la probabilidad de que surjan fallos incompatibles relacionados a un mismo incidente. Para evitar que ello ocurra, como explicamos, nuestro ordenamiento procesal rechaza la adjudicación por dos foros de una misma controversia y procura desalentarla. Sin duda, el presente caso produce un sesgo procesal que crea una dualidad adjudicativa impermisible sobre la controversia de autos. No podemos avalar dicho proceder. Hacerlo, implicaría obviar el hecho de que al Sr. Valdés Pérez se le anotó la rebeldía en el caso Civil Núm. K CD2017-0659, se le desestimó la misma reclamación en el SJ2017CV01741 y sería una incorrecta aplicación de nuestras Reglas de Procedimiento Civil, pues se permitiría la desviación de las consecuencias de la anotación de rebeldía a una parte. No sería adecuado retribuir las tácticas procesales del aquí demandante posteriores a que se le anotara la rebeldía en el otro caso. Menos, cuanto esto implicaría dejar en la práctica sin efecto la determinación de una Sala Hermana de igual jerarquía.

En resumen, ante estas circunstancias, y siendo este caso presentado con posterioridad al caso Civil Núm. K CD2017-0659 y el SJ2017CV01741, no se le puede conceder remedio alguno al demandante Valdés Pérez, ya que lo que solicita depende de la determinación que ha de hacer el Tribunal en el caso con mayor antigüedad. Lo contrario iría en contra de los principios cardinales de nuestro derecho procesal: entiéndase, la economía procesal, evitar la multiplicidad de pleitos y evitar sujetar a las partes a resultados incompatibles provenientes de diferentes foros.

El señor Valdés Pérez recurrió al Tribunal de Apelaciones sobre la referida Sentencia del Tribunal de Primera Instancia en el caso Civil Número SJ220CV04625. El Tribunal de Apelaciones en el caso KLAN 2021-00651 dictó Sentencia el 10 de septiembre de 2021 desestimando el recurso de apelación por falta de jurisdicción. Por tanto, la Sentencia dictada por el Tribunal de Primera Instancia en el caso Civil Número SJ220CV04625 es hoy final, firme e inapelable. Así pues, luego de tomar conocimiento judicial y evaluar las posiciones de las partes y las circunstancias

particulares que anteceden el presente caso se procede a desestimar el mismo.

Inconforme, el señor Valdés Pérez presentó un recurso de Apelación, alfanumérico KLAN202100651, en el cual impugnó la determinación del TPI. Así las cosas, el 10 de septiembre de 2021, el Tribunal de Apelaciones desestimó el recurso por falta de jurisdicción.

El principio rector de las Reglas de Procedimiento Civil es proveerles a las partes envueltas en un pleito legal, una solución justa, rápida y económica en todo procedimiento. Regla 1 de Procedimiento Civil, *supra*. Así pues, las Reglas de Procedimiento Civil tienen la finalidad de evitar la proliferación de acciones, lograr la económica procesal y evitar la indeseable probabilidad de que surjan fallos incompatibles relacionados con un mismo incidente. *Vives Vázquez v. E.L.A.*, 142 DPR 117, 125 (1996)

Cónsono con lo anterior, los jueces del TPI gozan de amplia discreción para gobernar los procedimientos judiciales y deben conseguir un balance justo entre el interés de que los pleitos se resuelvan en sus méritos y el interés de no permitir demoras innecesarias o duplicidad en el trámite judicial. *Piazza Vélez v. Isla del Río, Inc.*, supra. Así pues, nuestro ordenamiento procesal civil rechaza la adjudicación por dos foros de una misma controversia para evitar sujetar las partes a resultados incompatibles provenientes de diferentes foros. *Consejo de Titulares v. Gómez Estremera*, supra. En ese sentido, El Tribunal Supremo de Puerto Rico ha expresado que, "[t]ener en dos foros distintos de manera simultánea dos casos que versan sobre la misma controversia no contribuyen a la economía procesal y abre la puerta a la posibilidad de resultados contradictorios". *Rivera Schatz v. E.L.A.*, supra.

Discutiremos los señalamientos de error en conjunto por estar estrechamente relacionados entre sí. Surge del expediente ante

nuestra consideración y de una búsqueda exhaustiva en el SUMAC, que el señor Valdés Ortiz, hijo del apelante, presentó una *Demanda* con el alfanumérico, KCD2017-0659, en la cual reclamaba la titularidad del Ferrari 360 y la validez de la transacción de compraventa de dicho vehículo. En dicha causa de acción se le anotó la rebeldía al apelante, por lo que no se aceptó su *Contestación a Demanda.* Posteriormente, el señor Valdés Pérez presentó el pleito SJ2017CV01741 y SJ2020CV04625, los cuales fueron desestimados, toda vez que trataban sobre los mismos hechos, controversias y partes que el pleito KCD2017-0659. Es decir, el pleito de epígrafe era la tercera ocasión que el apelante presentó una causa de acción donde se cuestionaba la validez de la transacción de compraventa, la titularidad y posesión del Ferrari 360.

Conforme a lo antes expuesto, es forzoso concluir que existía multiplicidad de pleitos ante diversas salas del TPI relacionadas la misma cuestión medular. Entiéndase, la validez de la transacción de compraventa y la titularidad del Ferrari 360 se ventilaban en el pleito KCD2017-0659 ante el TPI. A su vez, es importante destacar que en los pleitos antes mencionados estaban involucradas las mismas partes. Por lo que, no albergamos duda que la multiplicidad de pleitos, con las mismas partes y sobre la misma controversia medular, daría lugar a resultados contradictorios. De otra parte, es importante señalar que el TPI ordenó inscribir el auto Ferrari 360 a nombre del señor Valdés Ortiz, por lo que resulta tardío reclamar la titularidad de dicho vehículo. Así pues, no podemos conceder el remedio solicitado por el señor Valdés Pérez en la *Demanda* de epígrafe, toda vez que había sido resuelto por el TPI en el caso KCD2017-0659. Entiéndase, el 9 de diciembre de 2021, el TPI emitió una *Sentencia Parcial* en el caso KCD2017-0659, en la cual ordenó al DTOP a inscribir el vehículo Ferrari 360 modelo Modena a nombre del señor Valdés Ortiz.

Por otra parte, colegimos que el señor Valdés Pérez presentó la *Demanda* de epígrafe como subterfugio para poder presentar las alegaciones responsivas que debió presentar en el pleito KCD2017-0659. Nótese que, para impugnar la titular del Ferrari 360 y la validez de la transacción de compraventa, este debió presentar su contestación a demanda y/o reconvención de manera oportuna, no lo hizo. Por todo lo anterior, resulta forzosa la desestimación de la *Demanda* de epígrafe, toda vez que existe otro pleito que versa sobre las mismas causas de acción que el apelante ha pretendido litigar en este pleito. Por lo antes expuesto, resolvemos que actuó correctamente el TPI al desestimar con perjuicio la *Demanda* de epígrafe. Consecuentemente, colegimos que los señalamientos de error no se cometieron. Por último, apuntamos que el señor Valdés Pérez no discutió los errores formulados en su recurso y, únicamente, se limitó a citar artículos de derecho.

IV.

Por los fundamentos antes expuestos, ***confirmamos*** el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones