Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL ESPECIAL**

| | | |
|---|---|---|
| Benjamín Soto González, su esposa María Del Carmen González Cruz y la Sociedad Legal de Gananciales por ambos compuesta<br><br>Recurridos<br><br>vs.<br><br>José A. Rodríguez Rosa, su esposa Carmen Alvarado Torres y la Sociedad Legal de Gananciales por ambos compuesta h/n/c Agregados Furia, Inc.<br><br>Peticionarios | TA2025CE00147 | ***CERTIORARI*** procedente del Tribunal de Primera Instancia Sala Superior de Bayamón<br><br>Caso Núm.: AR2022CV01198<br><br>Sobre:<br><br>Cobro de Dinero - Ordinario |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de agosto de 2025.

Comparecen el señor José A. Rodríguez Rosa, la señora Carmen Alvarado Torres y la Sociedad Legal de Gananciales constituida por ambos (matrimonio Rodríguez Alvarado o parte peticionaria), quienes nos solicitan la revocación de una determinación emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario). Mediante este dictamen, el foro primario dispuso que la parte peticionaria no tendría derecho a presentar prueba pericial.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable, expedimos el auto de *Certiorari*

solicitado a los fines de revocar la determinación recurrida por los fundamentos que expondremos a continuación.

**I.**

En aras de brindar una cabal comprensión sobre los hechos medulares del caso de epígrafe, presentamos una relación detallada del tracto procesal ante el foro primario.

El 5 de julio de 2022, el señor Benjamín Soto González, la señora Carmen González Cruz y la Sociedad Legal de Gananciales constituida por ambos (matrimonio Soto González o parte recurrida) instaron una Demanda de cobro de dinero en contra del matrimonio Rodríguez Alvarado.  En síntesis, estos alegaron que, autorizaron a la parte peticionaria a extraer material de la corteza terrestre de su finca, a cambio del pago de una regalía computada a razón de $1.50 por cada yarda cúbica del terreno.  Sin embargo, aseveraron que, dicha parte no emitió los correspondientes pagos. En vista de tales circunstancias, solicitaron el pago de $134,886.26 en concepto de la cantidad adeudada, más la imposición de una suma no menor de $10,000.00 a base de los honorarios de abogados por temeridad.

Ante tales alegaciones, el 16 de diciembre de 2022, el matrimonio Rodríguez Alvarado presentó Contestación a la Demanda y Reconvención.  En esencia, negó la mayoría de las alegaciones levantadas en su contra, e indicó que efectuó los pagos solicitados por la parte peticionaria. Adujo, también, que la cantidad reclamada no es líquida, vencida, ni exigible por falta de evidencia. Por último, advirtió que había acordado con el matrimonio Soto González la compraventa de la finca en cuestión. Por lo anterior, peticionó la suma de $150,000.00 en concepto de daños y perjuicios por incumplimiento de contrato, y la correspondiente concesión de honorarios de abogados por temeridad.

Iniciada la etapa del descubrimiento de prueba, el 3 de abril de 2024, el foro primario emitió una Orden[1] denominada Calendarización de Caso, en la que estableció las siguientes directrices:

> *1. Toda prueba documental requerida por cualquiera de las partes deberá proveerse no mas tarde del 15 de abril de 2024. No se concederán prórrogas.*
>
> *2. Las partes tienen hasta el 30 de abril de 2024 para Informar contratación de Peritos. Deberá informar nombre del Perito/Curriculum Vitae, acreditar que el perito ya fue contratado y fecha para rendir Informe Pericial. Este plazo es final y no se concederán prórrogas. Se les apercibe que transcurrido este término no se autorizará el uso de perito.*
>
> *3. Este tribunal dará por concluido el descubrimiento de prueba al cierre del 30 de junio de 2024. El plazo es final y no se concederán más prórrogas. Tomen nota las partes que deberán ser proactivas ya que hemos concedido en exceso del término de 60 días solicitado.*
>
> *4. Las partes tendrán hasta el 15 de agosto de 2024 para presentar mociones dispositivas. No se concederán prórrogas puesto que hemos tomado en consideración cualquier receso de vacaciones. Tampoco se concederán prórrogas para la réplica de mociones dispositivas.*
>
> *5. Se calendariza Conferencia con Antelación a Juicio y Vista Transaccional para el 3 de diciembre de 2024 a las 9:00 A.M. Se requiere la comparecencia mandatoria de las partes con facultad para la toma de decisiones desde los despachos de sus respectivas representaciones legales. Bajo apercibimiento de sanciones.*
>
> *6. El Informe de Conferencia con antelación a Juicio deberá presentarse no mas tarde del 21 de noviembre de 2024. Se les apercibe que el Informe deberá recoger todas las estipulaciones que las partes puedan coordinar de buena fe sobre prueba susceptible a estipulación. El incumplimiento con esta Orden conllevará imposición de sanciones a cada parte y la cancelación de la vista. Se deja sin efecto la vista calendarizada para el 11 de junio de 2024.[2]*

De acuerdo con lo ordenado, el 23 de abril de 2024, el matrimonio Rodríguez Alvarado presentó una Moción en Cumplimiento de Orden Anunciando Perito.  En esta, informó que

---

[1] Notificada el 5 de abril de 2025.

[2] Entrada número 71 del Sistema Unificado de Administración y Manejo de Casos del TPI (SUMAC TPI). Luego, el TPI emitió una Orden a los fines de dejar sin efecto la vista calendarizada para el 11 de junio de 2024. Puntualizó, a su vez, que la vista pautada para el 3 de diciembre de 2024 se celebraría mediante videoconferencia.

contrató al perito Albert Tamárez Vásquez, quien es contador público autorizado, para elaborar un informe evaluativo sobre la cuantía en concepto de daños reclamadas en su reconvención. Precisó que, dicho informe se rendiría a no más tardar del 17 de junio de 2024.

**Examinado su escrito, el 24 de abril de 2024, el TPI dictaminó una Orden, en la cual dio por cumplido su decreto.**

Próximo a concluir el descubrimiento de prueba, el 10 de junio de 2024, el foro *a quo* dictó una Orden en la que reiteró que las partes debían atenerse al calendario emitido el 3 de junio de 2024.

Así las cosas, el 17 de junio de 2024, la parte peticionaria radicó una Moción Informativa y en Solicitud de Breve Prórroga para Someter Informe Pericial. En esta, expresó que el perito contratado aún no había concluido la redacción del informe pericial. Por tal motivo, solicitó una prórroga para presentar tal escrito el 30 de junio de 2024, fecha pautada para el cierre del descubrimiento de prueba.

**Según peticionado, ese día, el foro primario emitió una Orden, notificada al día siguiente, en la cual concedió una prórroga hasta el 30 de junio de 2024 para someter el informe pericial.**

En desacuerdo, el 18 de junio de 2024, la parte recurrida sometió una Moción para Solicitar Remedios. En su escrito, requirió la extensión del descubrimiento de prueba, pues la prórroga concedida al matrimonio Rodríguez Alvarado para entregar el informe pericial les coloca en un estado de indefensión. Al respecto, razonó que la entrega de dicho escrito coincide con la fecha de culminación del descubrimiento de prueba.

Atendidos tales argumentos, durante ese día, el TPI emitió una Orden mediante la que resolvió que **"[s]e concede extensión**

**al descubrimiento de prueba según solicitado por la parte demandante de 45 días".**[3]  (Énfasis nuestro).

El 11 de julio de 2024, el matrimonio Rodríguez Alvarado presentó una Moción Informativa sobre Informe Pericial, a la cual adjuntó la copia del correo electrónico remitido a la parte recurrida.  En esta, indicó que la fecha pautada para culminar el descubrimiento de prueba correspondía al 30 de junio de 2024. No obstante, informó que ese día resultó ser domingo.  Por ello, optó por entregar el informe pericial a la parte recurrida el 1 julio de 2024.

Considerada la referida moción, ese día, el TPI emitió una Orden en la que dispuso: **"Tomamos conocimiento de lo informado".**[4]  (Énfasis nuestro).

No obstante, el 30 de julio de 2024, el matrimonio González Soto presentó una Moción para Solicitar Orden, en la que informó que la parte peticionaria le entregó el informe pericial a principios del mes de julio.  Sin embargo, advirtió que una vez lo revisó, se percató que no se incluyeron todos los anejos que en este se mencionan. En vista de ello, solicitó la entrega de toda la documentación utilizada para elaborar tal escrito.

Ese día, el foro *a quo* dictó una Orden, notificada al día siguiente, en la que incluyó el siguiente pronunciamiento:

> *La parte demandada tiene 5 días perentorios para acreditar envío a la parte Demandante copia de los documentos a los que hace referencia el Informe Pericial según surge de la moción que nos ocupa. Se le apercibe que el incumplimiento con esta Orden conllevar[á] severas sanciones.*
>
> *A La solicitud de la parte demandante para que se le extienda el término concedido y que el mismo comience a decursar al cumplimiento de esta Orden resolvemos No Ha Lugar. Este asunto fue traído a la atenci[ó]n del Tribunal en el día de hoy (30 de julio de 2024). Sin embargo, este tribunal sí extenderá el termino por 20 días contados a*

---

[3] Entrada número 83 de SUMAC TPI.
[4] Entrada número 85 de SUMAC TPI.

> *partir que la parte demandada acredite cumplimiento con la Orden que nos ocupa.*[5] (Énfasis nuestro)

El 5 de agosto de 2025, la parte peticionaria sometió una Moción en Cumplimiento de Orden e Informativa en la que aseveró que remitió los documentos solicitados a la parte recurrida. No obstante, destacó que el matrimonio Soto González no acreditó haber efectuado las gestiones de buena fe ante el foro primario, para atender tal asunto de conformidad con la Regla 34 de Procedimiento Civil, 32 LPRA Ap. V, R. 34.

**Examinado su escrito, el foro primario dio por cumplida la orden dictada al día siguiente, según consta en la Orden emitida el 6 de agosto de 2024.**

Continuados los procedimientos judiciales, el 20 de noviembre de 2024, el matrimonio Soto González presentó una Moción Informativa, en la que recordó que el 3 de abril de 2024, el foro primario estableció que las partes debían someter el Informe de Conferencia no más tarde del 21 de noviembre de 2024. Sin embargo, detalló que intentó comunicarse con la representación legal de la parte peticionaria, pero resultó infructuoso. Por tales motivos, informó que no entregaría el informe en la fecha pautada.

Evaluada tales circunstancias, el 21 de noviembre de 2024, el TPI emitió una Orden de mostrar causa por la cual la parte peticionaria no debía ser sancionada. En este dictamen, procedió a dejar sin efecto la vista señalada para el 3 de diciembre de 2024, y a su vez, concedió el término de cinco (5) días para someter el aducido informe con antelación a juicio. De lo contrario, estableció que impondría sanciones en su contra.

Activado el apercibimiento, el 2 de diciembre de 2025, la representación legal del matrimonio Rodríguez Alvarado suscribió una Moción en Cumplimiento de Orden, en la que comunicó que

---

[5] Entrada número 87 de SUMAC TPI.

no tenía la intención de incumplir con el decreto judicial. Sin embargo, aseguró que sus labores se dificultaron por razón de su estado de salud. Por tanto, suplicó que el tribunal tomara conocimiento al respecto.

**Luego de examinar sus planteamientos, al día siguiente, el TPI emitió una Orden, en la cual concluyó que se tiene por cumplido el decreto de mostrar causa**.

Continuados los trámites judiciales, el 3 de diciembre de 2024, el foro primario dictaminó una Orden, notificada al día siguiente, con la siguiente directriz:

> *Nuevamente se les requiere a las partes reunirse de buena fe a los fines de evaluar la viabilidad de un acuerdo extrajudicial. Deberán informar mediante moción conjunta no más tarde del 13 de diciembre de 2024.*

> *En la alternativa que las partes no alcancen un acuerdo transaccional será mandatorio que las partes se reúnan a los fines de discutir las estipulaciones de hecho y la prueba estipulada a ser incluida en el Informe de Conferencia con Antelación a Juicio. **El Informe de Conferencia con Antelación A Juicio deberá presentarse no más tarde del 31 de enero de 2025 bajo apercibimiento de severas sanciones**.*[6] (Énfasis nuestro).

Tras la presentación de una solicitud de prórroga, el 3 de febrero de 2025, ambas partes sometieron en conjunto el Informe de Conferencia con Antelación a Juicio. Surge de este documento que, la parte recurrida objetó el anuncio del perito Tamárez Velásquez bajo el siguiente razonamiento:

> *3. La parte demandante objeta la presencia del perito (Sr. Tamárez) anunciado por la parte demandada toda vez que dicha persona habría de testificar sobre un Informe que hemos objetado porque se refiere a asuntos de la corporación Agregados Furia, Inc. que no es parte en este pleito. Si se permitiera su presencia, entonces la parte demandante traería prueba pericial para refutar el testimonio del Sr. Tamárez.*[7]

De este se desprende también que, la parte peticionaria identificó como prueba documental un dictamen emitido por el foro

---

[6] Entrada número 95 de SUMAC TPI.
[7] Entrada número 101 de SUMAC TPI, pág. 38.

primario en otro caso por considerarlo pertinente a los argumentos de los daños alegados en su reconvención:

> e. ID-E: Sentencia de 29 de abril de 2016 del caso *Dragados L.A., Inc. v. Municipio de Vega Baja, D AC2012- 2388 (401)* ante el Tribunal de Primera Instancia, Sala de Bayamón mediante el cual el Sr. Rodríguez Rosa obtuvo fondos que luego invirtió en la operación mediante Agregados Furia, Inc. por valor de $293,000.00.[8]

En atención al Informe sometido por ambas partes, el 8 de mayo de 2025, el TPI celebró una vista con antelación a juicio, según consta en la Minuta, notificada el 23 de mayo de 2025. Durante este procedimiento, se discutieron una serie de asuntos relativos a la prueba:

> **El licenciado Bonnet Rosario indica que la única prueba documental a utilizar por la parte demandante es el documento que indicarán la información mediante moción conjunta.**
>
> **El Tribunal no entra a discutir las objeciones.**
>
> **En cuanto a las planillas de Agregados Furia 2018 y 2019, el licenciado Bonnet Rosario indica que se objetan basado en pertinencia. [P]erito, el licenciado Bonnet Rosario informa que hay controversia sobre el perito porque el mismo presentó el informe luego de completado el descubrimiento de prueba**
>
> **A preguntas del Tribunal, la licenciada Bolorín Soliván[9] confirma que lo relacionado al perito fue luego de culminado el descubrimiento de prueba.**
>
> **El Tribunal no permite la prueba relacionada a los peritos.**
>
> **Se señala Continuación de Conferencia con Antelación a Juicio para el 11 de septiembre de 2025, a las 1:30 pm mediante videoconferencia.**
>
> **La prueba deberá estar detallada.**[10] (Énfasis nuestro).

Oportunamente, el 23 de mayo de 2025, el matrimonio Rodríguez Alvarado presentó una Moción de Reconsideración, Oferta de Prueba y Corrección Nunc Pro Tunc de Minuta a la cual

---

[8] Entrada núm. 101 de SUMAC TPI, pág. 34.
[9] Representación legal de la parte peticionaria.
[10] Entrada núm. 107 de SUMAC TPI, págs. 3-4.

adjuntó unas copias de correos electrónicos más un extracto de una deposición. En esencia, señaló que, durante la celebración de la vista el foro primario incidió al no permitirle la presentación de la prueba pericial. Sobre este asunto, aseguró que, envió a la parte recurrida el informe pericial dentro del término establecido para celebrar el descubrimiento de prueba. Igualmente, consideró que el tribunal excluyó erróneamente de la prueba la sentencia de *Dragados L.A., Inc. v. Municipio de Vega Baja*, D-AC2012-2388. Consideró que dicho dictamen es pertinente para probar los daños alegados en su reconvención.

Por su parte, el 12 de junio de 2025, el matrimonio Soto González sometió una Reacción a Moción de Reconsideración, Oferta de Prueba, Etc. En esta, argumentó que procede la exclusión de la prueba pericial, debido a que su presentación se tramitó cuando concluyó el descubrimiento de prueba. Adujo, también, que actuó correctamente el foro *a quo* al excluir la sentencia dictada en otro caso que no es pertinente al pleito. Por último, solicitó la corrección de la Minuta para que establezca que la prueba que presentará en juicio serán los documentos estipulados y el documento que indicará próximamente en la moción conjunta.

Evaluados los argumentos de las partes, el 13 de junio de 2023, el foro primario emitió y notificó una Resolución en la que declaró No Ha Lugar la solicitud de reconsideración presentada por la parte demandante, aquí peticionaria.

Respecto a la solicitud contenida en la oposición de la parte recurrida, ese día, el TPI dictó una Orden, en la que decretó que se enmendara la Minuta. Conforme a lo anterior, surge del expediente ante nos la Minuta Enmendada con el siguiente contenido, según solicitado:

*El licenciado Bonnet Rosario indica que la única prueba documental a utilizar por la parte demandante son los documentos estipulados y el documento que indicarán la información en la moción conjunta.*[11]

Inconforme, el 14 de julio de 2025, la parte peticionaria recurre ante este Tribunal mediante una Solicitud de Expedición del Auto de *Certiorari*. En su recurso, presentó los siguientes señalamientos de error:

> *Erró el Tribunal de Primera Instancia al declarar excluido la prueba pericial cuando no se ha configurado incumplimiento con los términos pautados para su presentación lo que afecta la capacidad de la Parte Peticionaria de defenderse y presentar sus reclamos.*

> *Erró el Tribunal de Primera Instancia e incurrió en abuso de discreción al declarar excluido la prueba de daños de la Parte Peticionaria consistente en la Sentencia identificada como el ID-E en el Informe de Conferencia con Antelación al Juicio.*

El 18 de julio de 2025, este foro intermedio apelativo emitió una Resolución en la cual concedimos el término de diez (10) días para presentar su alegato en oposición. Transcurrido dicho periodo, procedemos a discutir el marco legal pertinente a la controversia ante nuestra consideración sin el beneficio de su comparecencia.

**II.**

**A.**

Como es sabido, el auto *Certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una determinación de un tribunal inferior. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994, 1004 (2021). *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020). Véase, también, Art. 670 del Código de Enjuiciamiento Civil, Ley Núm. 6 del 31 de marzo de 1933, 32 LPRA sec. 3491. La característica distintiva de recurso se asienta en la discreción

---

[11] Entrada núm. 119 de SUMAC TPI, pág. 3.

encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 209 (2023); *IG Builders et al.* v. *BBVAPR,* 185 DPR 307, 338 (2012).

Para orientar la discreción judicial, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita aquellas circunstancias que permiten la intervención de este Tribunal de Apelaciones para atender determinaciones interlocutorias:

> *El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad **de testigos de hechos o peritos esenciales**, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.* (Énfasis nuestro).

Nuestra autoridad se activa de mediar alguna de estas instancias. Ello, pues, la regla procesal aludida establece que ciertos dictámenes interlocutorios pueden: (1) afectar sustancialmente el resultado del pleito, o (2) tener efectos limitativos para la defensa o reclamación de una parte, o (3) conllevar cuestiones neurálgicas o de política pública que deben estar sujetos a revisión de forma inmediata. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 847-848 (2023) (citando a e R. Hernández Colón, Práctica jurídica de Puerto Rico: derecho procesal civil, 6.a ed., San Juan, Ed. LexisNexis, 2017, Sec. 5515a, págs. 533). No obstante, aunque adquirimos jurisdicción en virtud de la Regla 52.1 de Procedimiento Civil, *supra,* la expedición del auto y su adjudicación en los méritos es discrecional. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96 (2008).

En armonía con lo anterior, la Regla 40 del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, a las págs. 62-63, 215 DPR __ (2025), delimita los siguientes criterios para ponderar la expedición del auto solicitado:

> A. *Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.*
>
> B. *Si la situación de hechos planteada es la más indicada para analizar el problema.*
>
> C. *Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.*
>
> D. *Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.*
>
> E. *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
>
> F. *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
>
> G. *Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

Nótese que la regla precitada facilita que la evaluación respecto a la expedición del recurso no transcurra en el vacío ni en ausencia de otros parámetros. *IG Builders v. BBVAPR*, *supra*, a la pág. 338; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011). Así pues, al examinar si procede la expedición del caso nos corresponde ser cuidadosos y conscientes de la naturaleza de la controversia ante nuestra consideración en tal ejercicio discrecional. *Torres González v. Zaragoza Meléndez*, *supra*, a la pág. 849. Por la naturaleza extraordinaria de este recurso, no debemos intervenir en las determinaciones de hechos del Tribunal de Primera Instancia, salvo que se pruebe que actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto. *Citibank et al. v. ACBI et al.*, 200 DPR 724,

736 (2018). Véase, además, *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013).

**B.**

Es norma reiterada que, el Tribunal de Primera Instancia goza de amplia discreción para regular el ámbito del descubrimiento de prueba, toda vez que tiene el deber de garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes. *Rivera et al. v. Arcos Dorados et al., supra*, a la pág. 203; *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 497 (2022). Esta amplia discreción procura: (1) precisar los asuntos en controversia, (2) obtener evidencia para ser utilizada en el juicio, evitando así sorpresas en la etapa de los procedimientos, (3) facilitar la búsqueda de la verdad, y (4) perpetuar evidencia. *Rivera y otros v. Bco. Popular,* 152 DPR 140, 152 (2000); *García Rivera et al. v. Enríquez*, 153 DPR 323, 333 (2001). En virtud de tal facultad, nos compete ser deferentes al ejercicio discrecional del foro primario, salvo que medie prejuicio, parcialidad o error manifiesto en la aplicación de una norma procesal o sustantiva. *McNeil Healthcare v. Mun. Las Piedras II*, 206 DPR 659 (2021).

Ahora bien, esta amplia discreción no es irrestricta. A esos efectos, la Regla 23 de Procedimiento Civil, 32 LPRA Ap. V, R. 23, establece el alcance del descubrimiento de prueba de la siguiente manera:

> *Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la reclamación o defensa de cualquier otra parte, incluso la existencia, descripción, naturaleza, custodia, condición y localización de cualesquiera libros, información almacenada electrónicamente, documentos u otros objetos tangibles y la identidad y dirección de personas que conozcan hechos pertinentes. No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible.*

Así pues, existen dos limitaciones al descubrimiento de prueba, a saber: en primer lugar, es imperioso que el asunto que se pretende descubrir sea pertinente a la controversia que se dirime; en segundo, la materia que se pretende descubrir, aunque sea pertinente, no puede ser privilegiada o quedará excluida del alcance. *Izquierdo II v. Cruz y otros*, 213 DPR 607, 616 (2024); *Ponce Adv. Med. v. Santiago González et al.*, 197 DPR 891, 899 (2017). Sobre este particular, basta con que exista una posibilidad razonable de relación con el asunto en controversia para que una materia pueda ser objeto de descubrimiento. *Torres González v. Zaragoza Meléndez*, *supra*, a la pág. 845; *Vincenti v. Saldaña*, 157 DPR 37, 54 (2002).

Cónsono con lo anterior, es menester explicar que, el Tribunal Supremo de Puerto Rico ha precisado que el foro primario no ostenta la autoridad para excluir la prueba anunciada, salvo circunstancias excepcionales:

> *[L]la medida severa de excluir del juicio el testimonio de un testigo crucial [o de un perito esencial], que es análoga a la medida extrema de la desestimación, sólo debe usarse en circunstancias excepcionales [...]".* *Valentín v. Mun. de Añasco, 145 DPR 887, 895 (1998). En el citado caso, este Tribunal indicó que tales sanciones drásticas no son favorecidas judicialmente. Íd. Con este juicioso proceder, promovemos los valores superiores de la búsqueda de la verdad y la justicia en los procesos adjudicativos. Íd., pág. 897. De igual forma, fomentamos la política judicial de que los casos sean ventilados en sus méritos. Rivera et al. v. Arcos Dorados et al.,* *supra*, a la pág. 215.

Toda vez que constituye una sanción drástica, la exclusión de la prueba procede en limitadas circunstancias:

> *Este nivel de sanción debe ser la repercusión de una conducta indiscutiblemente irresponsable, irreverente, desafiante, negligente, y contumaz que la parte contra la cual se ordena la ejecute de manera; todo porque esta optó por incumplir de manera intencional y de mala fe con una orden del tribunal para descubrir prueba. Mitsubishi Motor v. Lunor y otros,* 212 DPR 807, 822 (2023).

Nos corresponde destacar que, la exclusión de la prueba solo opera en atención a tales circunstancias extraordinarias. Por ello, previo a acoger esta drástica sanción, el tribunal deberá recurrir a la Regla 37.7 de Procedimiento Civil, 32 LPRA Ap. V, R. 37.7, que reconoce la imposición de sanciones económicas:

> *Si una parte o su abogado o abogada incumple con los términos y señalamientos de esta Regla, o incumple cualquier orden del tribunal para el manejo del caso sin que medie justa causa, el tribunal impondrá a la parte o su abogado o abogada la sanción económica que corresponda.*

No obstante, "nada impide que posteriormente se impongan sanciones más drásticas, luego de que se aperciba a la parte sobre las consecuencias del incumplimiento y se le conceda un tiempo razonable para corregir la situación". *Rivera et al. v. Arcos Dorados et al.*, *supra*, a la pág. 205. Ahora bien, la medida de excluir testimonio de un testigo o prueba pericial solo aplica a circunstancias excepcionales. *Íd.*, a la pág. 207; *Valentín v. Mun. de Añasco, supra*, a la pág. 895.

De tal manera, se garantiza el derecho a presentar testigos en apoyo de una reclamación, que es eje central del debido proceso de ley. *Valentín v. Mun. de Añasco, supra,* a la pág. 897; *Ortiz Cruz v. Junta Hípica,* 101 DPR 791, 794 (1973). Así también se salvaguarda que las partes puedan prepararse para el juicio debido a que tienen la oportunidad de obtener la evidencia necesaria para evaluar y resolver las controversias del caso. *Rivera y otros v. Bco. Popular, supra,* a la pág. 152 (citando *Moore's Federal Practice:* 3d Sec. 26.02, pág. 26 (1997)).

## C.

En nuestro esquema procesal, el foro primario goza de amplia flexibilidad y discreción para lidiar con el diario manejo de los asuntos judiciales. *In re Collazo I,* 159 DPR 141, 150 (2003).

Esta facultad emana del principio de la Regla 1 de Procedimiento Civil, 32 LPRA Ap. V, R. 1:

> *Estas reglas regirán todos los procedimientos de naturaleza civil ante el Tribunal General de Justicia. Se interpretarán de modo que faciliten el acceso a los tribunales y el manejo del proceso, de forma que garanticen una solución justa, rápida y económica de todo procedimiento.*

Al amparo de esta disposición, el TPI goza de autoridad suficiente para conducir los asuntos litigiosos ante su consideración y aplicar los correctivos apropiados en la manera que su buen juicio le indique. *In re Collazo I, supra*, a la pág. 150. Ello, pues, "tiene el deber ineludible de garantizar que los procedimientos se ventilen sin demora, con miras a que se logre una justicia rápida y eficiente". *In re Pagani Padró*, 181 DPR 517, 535 (2011); *Heftler Const. Co. v. Tribunal Superior*, 103 DPR 844, 846 (1975). El alcance de tal discreción también se ha reconocido con amplitud en la tramitación de casos complejos. *Vives Vázquez v. E.L.A*, 142 DPR 117, 141 (1996).

A esos fines, la Regla 37.5 de Procedimiento Civil, 32 LPRA Ap. V, R. 37.5, faculta al tribunal sentenciador a celebrar una conferencia con antelación al juicio:

> *La conferencia con antelación al juicio se celebrará al menos treinta (30) días antes de la fecha señalada para la vista en su fondo. El tribunal podrá requerir la asistencia de las partes con sus respectivos abogados o abogadas. En la conferencia se discutirán los asuntos especificados en el Informe Preliminar entre Abogados y Abogadas y los asuntos siguientes:*
>
> *(a) La transacción del litigio.*
>
> *(b) La adjudicación de todas las controversias pendientes que surjan del informe, incluyendo la admisibilidad de la prueba.*
>
> *(c) Establecer el plan para la celebración del juicio.*
>
> *El tribunal dictará una orden en que expondrá lo acordado y dispuesto en la conferencia, las enmiendas que se hayan permitido a las alegaciones y las estipulaciones de las partes en relación con cualquiera de los asuntos considerados y que limiten las cuestiones litigiosas a ser consideradas en el juicio, a*

*aquellas no resueltas mediante admisiones o estipulaciones de los abogados o abogadas. **Dicha orden, una vez dictada, gobernará el curso subsiguiente del pleito, a menos que sea modificada en el juicio para impedir manifiesta injusticia**.* (Énfasis nuestro).

No obstante, los asuntos determinados en la celebración de esta conferencia no son inalterables, y están sujetos al examen de razonabilidad. Ello, pues, los tribunales tienen autoridad para actuar dentro de una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Rivera et al. v. Arcos Dorados et al.*, *supra*, a la pág. 210; *Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 657-658 (1997). Por ello, no pueden actuar en una forma u otra haciendo abstracción del derecho. *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013); *Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 658 (1997). De constituir (1) una actuación con prejuicio o parcialidad; (2) craso abuso de discreción, o (3) una equivocación en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, entonces debemos sustituir el criterio producto de la discreción judicial. *Rivera et al. v. Arcos Dorados et al*, *supra*, a la pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.*, *supra*, a la pág. 497.

## III.

De entrada establecemos que, de conformidad con los criterios recogidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* este foro apelativo intermedio se encuentra en posición de expedir el auto solicitado. En virtud de la discreción que poseemos, procedemos a resolver la controversia ante nuestra consideración.

En el recurso de epígrafe, el matrimonio Rodríguez Alvarado señala que incidió el foro primario al excluir la prueba pericial que anunció oportunamente en la etapa del descubrimiento de prueba.

Sostiene, también, que erró al no permitirle presentar la evidencia documental de una sentencia emitida en otro caso que es pertinente a su reconvención. En vista de ello, solicitó nuestra intervención apelativa a los fines de revocar el dictamen emitido, tras la celebración de la conferencia con antelación a juicio.

Luego de examinar con sumo cuidado el expediente ante nos, determinamos que erró el foro primario al privar a la parte peticionaria de presentar prueba pericial. Por tanto, nos corresponde intervenir en la actuación judicial para garantizar el derecho a presentar prueba, eje central del debido proceso de ley. Veamos.

A esos fines, conviene repasar los hechos medulares del caso para sostener nuestro razonamiento. Surge del tracto procesal de este recurso que, el 3 de abril de 2024, el foro primario estableció que el descubrimiento de prueba terminaría el 30 de junio de 2024. Por tanto, ordenó a las partes a anunciar la prueba pericial a la luz de las siguientes directrices:

> ***Las partes tienen hasta el 30 de abril de 2024 para informar contratación de peritos. Deberá informar nombre del perito/curriculum vitae, acreditar que el perito ya fue contratado y fecha para rendir informe pericial. Este plazo es final y no se concederán prórrogas. Se les apercibe que transcurrido este término no se autorizará el uso de perito.***[12] (Énfasis nuestro).

Conforme a lo decretado, el 23 de abril de 2024, la parte peticionaria sometió una Moción en Cumplimiento de Orden Anunciando Perito. En esta, informó que contrató al perito Albert Tamárez Vásquez, quien rendiría el informe sobre las cuantías de los daños alegados en su reconvención a más tardar del 17 de junio de 2024. **De acuerdo con lo informado, el tribunal recurrido dio por cumplida la Orden del 3 de abril de 2024, según consta en la Orden emitida el 23 de abril de 2024.**

---

[12] Entrada número 71 de SUMAC TPI.

Posteriormente, el matrimonio Rodríguez Alvarado, por causas justificadas, peticionó hasta el 30 de junio de 2024 para remitir a la parte recurrida dicho informe. Concedida una prórroga hasta el 30 de junio de 2024, dicha parte remitió el 1 de julio de 2024 vía correo electrónico al matrimonio Soto Gonzáles el informe pericial.[13] El 11 de julio de 2024, el TPI dictó una Orden en la que dispuso: "**Tomamos conocimiento de lo informado**" (énfasis nuestro) respecto a la entrega del informe pericial.[14]

No obstante, el 30 de julio de 2024, la parte recurrida presentó una Moción para Solicitar Orden, en la que advirtió que el informe remitido por la parte peticionaria no incluye todos los anejos que en él se aluden.

Activado el proceso de apercibimiento de sanciones, el 5 de agosto de 2025, el matrimonio Rodríguez Alvarado presentó la Moción en Cumplimiento de Orden e Informativa en la que indicó que entregó a estos los documentos solicitados respecto al informe pericial. **Evaluado su escrito, el 6 de agosto de 2024, el foro primario dio por cumplida la Orden y no aplicó el procedimiento de sanciones, en virtud de la Orden, notificada este día.**[15]

Transcurrido cierto tiempo, el 3 de diciembre de 2024, el foro primario emitió el siguiente pronunciamiento:

> *Un acuerdo transaccional será mandatorio que las partes se reúnan a los fines de discutir las estipulaciones de hecho y la prueba estipulada a ser incluida en el Informe de Conferencia con Antelación a Juicio. **El Informe de Conferencia con Antelación a Juicio deberá presentarse no mas tarde del 31 de enero de 2025 bajo apercibimiento de severas sanciones.***[16] (Énfasis nuestro).

---

[13] Su atinada computación del término concedido para entregar el informe descansa en la Regla 68.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 68.1, que lee de la siguiente manera:

> *El último día del término así computado se incluirá siempre que no sea sábado, domingo ni día de fiesta legal, extendiéndose entonces el plazo hasta el fin del próximo día que no sea sábado, domingo ni día legalmente feriado.*

[14] Entrada número 85 de SUMAC TPI.
[15] Entrada número 89 de SUMAC TPI.
[16] Entrada número 95 de SUMAC TPI.

Tras una solicitud de prórroga, el 3 de febrero de 2025, ambas partes sometieron el Informe de Conferencia con Antelación a Juicio.

No obstante, a pesar del acatamiento de la aducida orden, el TPI procedió, sin fundamento alguno, a imponer la drástica sanción de exclusión de la prueba pericial durante la celebración de la conferencia con antelación a juicio, según consta en la Minuta Enmendada. Ante tales circunstancias, nos compete activar nuestra facultad revisora para sustituir el desacertado proceder judicial. Colegimos que, el foro primario excedió de un juicio razonable al no permitirle a la parte peticionaria presentar la prueba pericial que anunció oportunamente el 23 de abril de 2024. En esa dirección, precisamos que tal determinación constituye una medida extrema inaplicable al presente caso, debido a que no existen las condiciones jurídicas para su imposición.

Recordemos, pues, que la exclusión de la prueba opera en aquellas instancias en las cuales se haya apercibido a la parte y previamente se haya impuesto una sanción económica contra su representante legal al amparo de la Regla 37.7 de Procedimiento Civil, *supra*. Véase, también, *Rivera et al. v. Arcos Dorados et al.*, *supra*, a la pág. 203. Sin embargo, el historial procesal reseñado nos confirma que el tribunal no ha recurrido a tales medidas menos severas en este pleito. Contemplamos que solo ha emitido apercibimientos, debidamente atendidos por la parte peticionaria, mas no ha impuesto sanciones contra la representación legal de esta, según exige la precitada regla. De hecho, resaltamos que, cuando el matrimonio Rodríguez Alvarado ha enfrentado algún reto con el cumplimiento de una orden judicial ha presentado causas justificadas, las cuales el TPI ha aceptado.

**A la luz de lo anterior, concluimos que el foro primario excedió en su ejercicio discrecional al imponer tal drástica**

**sanción, que incidió en el derecho a presentar la prueba pericial de la parte peticionaria. Por tal motivo, procede que revoquemos el pronunciamiento constatado en la Minuta Enmendada, que determinó no permitir la presentación de la prueba pericial en contravención a la garantía constitucional del debido proceso de ley.**

Por último, el matrimonio Rodríguez Alvarado argumenta que erró el TPI al excluir la Sentencia identificada como el ID-E en el Informe de Conferencia con Antelación al Juicio. Sobre este asunto, nos encontramos imposibilitados de intervenir en este momento. Ello, pues, no consta en la Minuta Enmendada que el foro primario haya discutido este particular. Además, advertimos que, el TPI calendarizó la continuación de la conferencia de antelación al juicio para el 11 de septiembre de 2025. Por tanto, razonamos que, en dicha vista, ambas partes podrán presentar los asuntos pendientes de discusión, de conformidad con la Regla 37.5 de Procedimiento Civil, *supra.*

### IV.

Por los fundamentos que anteceden, los que hacemos formar parte en este dictamen, expedimos el auto de *Certiorari* solicitado, a los únicos efectos de revocar el pronunciamiento que resolvió no permitirle a la parte peticionaria la presentación de prueba pericial, según decretado en la Minuta Enmendada emitida el 13 de junio de 2025, por el Tribunal de Primera Instancia, Sala Superior de Bayamón.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones