Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| ABIMAEL PADILLA NEGRÓN, KASSANDRA PAGÁN MEDINA Y LA SOCIEDAD LEGAL DE GANANCIALES EXISTENTE ENTRE AMBOS; WHESLEY SEPÚLVEDA RODRÍGUEZ, AGNES DÍAZ RIVERA Y LA SOCIEDAD LEGAL DE GANANCIALES EXISTENTE ENTRE AMBOS Y CHALLENGER BRASS & COPPER, CO. **Parte apelante**  v.  SERVIMETAL, LLC., HIRAM URBINA, En su carácter oficial y personal, DEMANDADOS DESCONOCIDOS, COMPAÑÍA DE SEGURO ABC **Parte apelada** | TA2025AP00082 | ***APELACIÓN*** procedente del Tribunal de Primera Instancia Sala Superior de **Caguas**  Caso Número: CG2025CV00155  Sobre: PLEITO DE CLASE AL AMPARO DE LA LEY DE CLASE DEL CONSUMIDOR; LEY 118 DE 25 DE JUNIO DE 1971, COBRO DE DINERO, DAÑOS Y PERJUICIOS, INCUMPLIMIENTO DECONTRATO, FIJACIÓN ILEGAL DE PRECIOS, COMPETENCIA DESLEAL, ENRIQUECIMIENTO INJUSTO, INTERDICTO PERMANENTE Y SENTENCIA DECLARATORIA |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 29 de agosto de 2025.

Comparecen ante nos, Abimael Padilla Negrón, Whesley Sepúlveda Rodríguez y su compañía Challenger Brass & Copper, Co, en adelante y en conjunto Challenger o apelantes, mediante el recurso de epígrafe, y nos solicitan la revocación de la "*Sentencia de Desestimación*" notificada por el Tribunal de Primera Instancia, Sala Superior de Caguas, en adelante TPI-Caguas, el 19 de mayo de 2025. En el referido dictamen, el Foro Recurrido declaró "*Ha Lugar*" una moción de desestimación presentada por Servimetal, LLC e Hiram Urbina, en adelante y en conjunto Servimetal. En el dictamen

recurrido, el TPI-Caguas ordenó la desestimación *con perjuicio* de la demanda enmendada de los apelantes.

Por los fundamentos que expondremos a continuación, se *confirma* la sentencia apelada.

**I.**

Por ser relevante y meritorio para dilucidar el recurso ante nuestra consideración, este Foro entiende necesario tomar conocimiento judicial del expediente judicial del caso *Servimetal Inc. v. Challenger Brass & Copper Inc. y Otros*, TA2022CV00833, en adelante Caso TA2022CV00833, lo cual hacemos en virtud de la Regla 201 de Evidencia, 32 LPRA Ap. VI, R. 201.

En el mencionado caso, el 16 de agosto de 2022, Servimetal presentó una "*Demanda*" sobre Cobro de Dinero por la vía ordinaria contra Challenger ante el Tribunal de Primera Instancia, Sala Superior de Toa Alta, en adelante TPI-Toa Alta.[1] En la misma, la parte allí demandante reclamaba a Challenger el pago de $20,795.75 por concepto de mercancía y materiales despachados durante la duración de su relación comercial. El 12 de febrero de 2023, la parte allí demandada presentó su correspondiente "*Contestación a la Demanda*".[2]

Luego de numerosos trámites procesales, el 22 de enero de 2025, las partes del Caso TA2022CV00833 presentaron conjuntamente su "*Informe de Conferencia con Antelación al Juicio*".[3] Surge del mismo que Challenger aprovechó este informe para expresar su versión fáctica de la relación comercial que tenía con Servimetal y realizó planteamientos sobre fijación ilegal de precios, competencia desleal, enriquecimiento injusto, daños y perjuicios, por los cuales solicitó remedios bajo los mecanismos de interdicto

---

[1] SUMAC, Entrada Núm. 1. (TA2022CV00833)
[2] SUMAC, Entradas Núm. 20 y 21. (TA2022CV00833)
[3] SUMAC, Entrada Núm. 151. (TA2022CV00833)

permanente y sentencia declaratoria. Además, solicitó la certificación del pleito como uno de clase, al amparo de la Ley Antimonopolio Sherman y de la Ley 118 de 25 de junio de 1971.[4] Cabe señalar que, dicha parte expresamente tuvo la intención de enmendar sus alegaciones con dicho escrito.[5]

Más adelante, el 13 de febrero de 2025, el TPI-Toa Alta emitió una "*Sentencia Sumaria*", declarando "*Con Lugar*" la demanda presentada por Servimetal.[6]

Luego de una infructuosa solicitud de reconsideración, e inconforme con el resultado, Challenger recurrió ante un panel hermano de este Tribunal mediante un recurso de apelación fechado el 7 de abril de 2025, al cual le fue asignado el código alfanumérico KLAN202500293. Tal recurso fue resuelto, mediante "*Sentencia*" notificada el *3 de julio de 2025*. No surge del expediente que se haya instado reconsideración o apelación alguna contra la "*Sentencia*" del panel hermano.

Ahora bien, en lo que respecta al presente recurso, los hechos comienzan el 19 de enero de 2025, cuando los apelantes presentaron ante el TPI-Caguas una "*Acción Civil Jurada, Solicitud de Interdicto Permanente, Sentencia Declaratoria y Daños y Perjuicios*" contra Servimetal.[7] La misma incluyó siete (7) causas de acción, a saber: Cobro de Dinero, Daños y Perjuicios, Incumplimiento de Contrato, Competencia Desleal, Enriquecimiento Injusto, Interdicto Permanente y Sentencia Declaratoria.

Posteriormente, el 22 de enero de 2025, los apelantes presentaron una demanda enmendada, con el fin de incluir una causa de acción bajo la Ley Antimonopolio Sherman, así como una

---

[4] SUMAC, Entrada Núm. 151. (TA2022CV00833)
[5] SUMAC, Entrada Núm. 151. (TA2022CV00833)
[6] SUMAC, Entrada Núm. 158. (TA2022CV00833)
[7] Apéndice del recurso en SUMAC, Entrada Núm. 1.

solicitud para certificar un pleito de clase al amparo de la Ley 118 de 25 de junio de 1971.[8]

El 9 de abril de 2025, Servimetal presentó una "*Moción de Desestimación*".[9] El día siguiente, el Foro Primario emitió una "*Orden sobre Moción de Desestimación*", concediéndole a Challenger un término de veinte (20) días para presentar su posición.[10] En virtud de esto, los apelantes solicitaron una prórroga de veinte (20) días adicionales mediante moción fechada el 27 de abril de 2025.[11] No obstante, el 29 de abril de 2025, el TPI-Caguas notificó una "*Orden sobre Prórroga para Oposición a Desestimación*" para conferirle a los apelantes un término de quince (15) días para presentar su posición.[12] Adicional, apercibió a las partes que no se aceptarían réplicas ni dúplicas.

Luego de varios escritos y trámites procesales que no son necesarios pormenorizar, el TPI-Caguas notificó una "*Orden sobre Moción de Desestimación*".[13] En la misma, el Foro Apelado dio por sometida la "*Moción de Desestimación*" presentada por Servimetal, por haber expirado el término improrrogable provisto a Challenger, sin que estos últimos presentaran la oposición correspondiente.

En consecuencia, el 19 de mayo de 2025, el TPI-Caguas emitió su "*Sentencia de Desestimación*".[14] Mediante la misma, el Foro Apelado ordenó la desestimación con prejuicio de la demanda enmendada, y condenó a los apelantes al pago de honorarios de abogados por temeridad, más las costas y gastos conforme a la Regla 44.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1.

Así las cosas, el 20 de mayo de 2025, los apelantes presentaron una "*Oposición a Moción de Desestimación (Entrada*

---

[8] Apéndice del recurso en SUMAC, Entrada Núm. 4.
[9] Apéndice del recurso en SUMAC, Entrada Núm.14.
[10] Apéndice del recurso en SUMAC, Entrada Núm.15.
[11] Apéndice del recurso en SUMAC, Entrada Núm.16.
[12] Apéndice del recurso en SUMAC, Entrada Núm.17.
[13] Apéndice del recurso en SUMAC, Entrada Núm.24.
[14] Apéndice del recurso en SUMAC, Entrada Núm.25.

*Número 14)*".[15] Sin embargo, el Foro Primario declaró tal oposición como académica mediante Orden notificada el 21 de mayo de 2025.[16] Por tal razón, Challenger presentó una "*Moción de Reconsideración (Entrada Número 25)*".[17] A tales efectos, el 4 de junio de 2025, el TPI-Caguas notificó una orden declarando "*No Ha Lugar*" la moción de reconsideración presentada por los apelantes.[18]

Inconforme con este resultado, Challenger recurre ante esta Curia mediante un "*Recurso de Apelación*", el 4 de julio de 2025, haciendo los siguientes señalamientos de error:

> **PRIMER ERROR:** Erró y abusó de su discreción el foro de instancia al dictar sentencia mediante la cual desestimó con perjuicio la demanda enmendada de este caso y al imponerle sanciones por temeridad a la parte apelante, aduciendo que los planteamientos de dicha demanda son los mismos de otro caso y que la parte apelante debió someterlos como parte de una reconvención en el otro caso y que el proceder de la parte apelante ha causado un fraccionamiento indebido de causas. Todo sin permitir el descubrimiento de prueba y sin vista evidenciaria cuando de plantean temas tan serios como la Sherman Act y la Ley Antimonopolística de Puerto Rico.
>
> **SEGUNDO ERROR:** Erró y abusó de su discreción el foro de instancia al ignorar el hecho material sustancial sobre que la parte en este caso, Sr. Whesley Sepúlveda es miembro activo de las fuerzas armadas de los Estados Unidos y queda exento de acciones de cobro en su contra por su condición de militar activo, a la luz del Service Members Civil Relief Act, conocida por sus siglas en ingles "SCRA" y ello permite desestimar toda acción judicial contra dicha parte. Ello no es objeto de discusión ni mención por el foro de instancia en su sentencia.
>
> **TERCER ERROR:** Erró y abusó de su discreción el foro de instancia al desatender en su sentencia las alegaciones correctas en derecho de la demanda enmendada en este caso, donde se desprenden causas de acción contra el Sr. Hiram Urbina, de las cuales guarda silencio dicho foro de instancia en su sentencia apelada en este escrito.

---

[15] Apéndice del recurso en SUMAC, Entrada Núm.26.
[16] Apéndice del recurso en SUMAC, Entrada Núm.27.
[17] Apéndice del recurso en SUMAC, Entrada Núm.28.
[18] Apéndice del recurso en SUMAC, Entrada Núm.29.

**CUARTO ERROR:** Erró y abusó de su discreción el foro de instancia al no acoger la moción de reconsideración de la parte apelante, en la cual discutió y fundamentó en derecho porque no procede desestimar la demanda enmendada de este caso y mucho menos imponerle sanciones por temeridad a la parte apelante.

Así las cosas, Servimetal compareció mediante "*Moción Solicitando Término Adicional para Someter Alegato*". A tenor con lo anterior, este Foro emitió una "*Resolución*" el 6 de agosto de 2025, donde concedimos a los apelados un término hasta el 20 de agosto de 2025 para presentar su posición. Finalmente, el 16 de agosto de 2025, los apelados sometieron su "*Alegato en Oposición*". Con la comparecencia de ambas partes, procedemos a resolver.

**II.**

**A. Apelación**

Las Reglas de Procedimiento Civil se desenvuelven en un orden lógico, natural y armonioso entre sí. Este orden queda demostrado en las distintas etapas de un litigio (alegaciones, mociones, descubrimiento de prueba, vistas evidenciarias, sentencia, reconsideración, *apelación*) y sus efectos escalonados. Cada etapa se sirve de la anterior y se proyecta, entonces, para la próxima. *Vega v. Alicea,* 145 DPR 236, 238 (1998).

La etapa de la *apelación* se perfecciona con la presentación oportuna de un escrito conforme a las formalidades establecidas en nuestro estado de derecho, que incluye su debida notificación a las partes. El recurso de apelación es aquel "que se presenta ante el foro apelativo intermedio cuando se solicita la revisión de una sentencia, o un dictamen final, emitido por el Tribunal de Primera Instancia". *Freire Ruiz et als v. Morales, Hernández,* 2024 TSPR 129, 214 DPR __ (2024); *González Pagán v. SLG Moret-Brunet,* 202 DPR 1062, 1070-1071 (2019); Regla 52.1 y 52.2 de Procedimiento Civil, supra. Véase R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 6ta Ed., San Juan, Ed. Lexis Nexis, 2017, pág. 519.

La *apelación* no es un recurso discrecional como en los casos de *certiorari.* Una vez se cumpla con los requisitos jurisdiccionales y de perfeccionamiento del recurso, el Tribunal de Apelaciones viene obligado a atender el asunto y resolverlo en sus méritos, de forma fundamentada. *Soc. de Gananciales v. García Robles*, 142 DPR 241, 252 (1997). En ese sentido, reconocemos que existe el derecho estatutario para acudir en apelación ante el Tribunal de Apelaciones cuestionando toda sentencia final emitida por el Tribunal de Primera Instancia. *Silva Barreto v. Tejada Martell*, 199 DPR 311, 317 (2017).

Al revisar una determinación de un foro de menor jerarquía, los tribunales revisores tenemos la tarea principal de auscultar si se aplicó correctamente el derecho a los hechos particulares del caso. Como regla general, los foros apelativos no tenemos facultad para sustituir las determinaciones de hechos del tribunal de instancia con nuestras propias apreciaciones. *W.M.M. P.F.M., et al. v. Colegio et al.*, 211 DPR 871, 902-903 (2023); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 770-771 (2013); *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007).

**B. Desestimación**

La Regla 10.2 de Procedimiento Civil, supra, permite que una parte demandada en un pleito solicite la desestimación de la demanda presentada en su contra. *BPPR v. Cable Media*, 2025 TSPR 1, 215 DPR __ (2025); *Díaz Vázquez et al. v. Colón Peña et al.*, 2024 TSPR 113, 214 DPR __ (2024); *González Méndez v. Acción Social de Puerto Rico,* 196 DPR 213, 234 (2016). Esta, dispone que una parte demandada presentará una moción fundamentada en: (1) la falta de jurisdicción sobre la materia; (2) la falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; **(5) dejar de exponer una reclamación que justifique la concesión de un remedio** y; (6) dejar de acumular una parte indispensable. *Rodríguez Vázquez et*

*als. v. Hosp. Auxilio Mutuo*, 2025 TSPR 55, 215 DPR ___ (2025); *Díaz Vázquez et al. v. Colón Peña et al.*, supra; *Inmob. Baleares, et al. v. Benabe et al.*, 2024 TSPR 112, 214 DPR __ (2024); *Rivera, Lozada v. Universal*, 2024 TSPR 99, 214 DPR __ (2024); *Blassino, Reyes v. Reyes Blassino*, 2024 TSPR 93, 214 DPR __ (2024); *Costa Elena y otros v. Magic Sport y otros*, 213 DPR 523, 533 (2024).

Para que proceda una moción al amparo de la Regla 10.2, supra, el Foro Primario deberá tomar como ciertos todos los hechos alegados en la demanda y considerarlos de la manera más favorables a la parte demandante. *Díaz Vázquez et al. v. Colón Peña et al.*, supra; *Inmob. Baleares, et al. v. Benabe et al.*, supra; *Rivera, Lozada v. Universal*, supra; *Blassino, Reyes v. Reyes Blassino*, supra; *Costas Elena y otros v. Magic Sport y otros*, supra, pág. 533; *Eagle Security v. Efrón Dorado et al.*, 211 DPR 70, 84 (2023); *Cobra Acquisition v. Mun. Yabucoa et. al.*, 210 DPR 384, 396 (2022); *Bonnelly Sagrado et al. v. United Surety*, 207 DPR 715, 722 (2021). Es decir, al momento de evaluar una moción de desestimación, los tribunales deberán examinar los hechos alegados en la demanda de forma conjunta y de la forma más liberal posible a favor de la parte demandante. *Morales et al. v. Asoc. Propietarios*, 2024 TSPR 61, 213 DPR__ (2024); *Inmob. Baleares, et al. v. Benabe et al.*, supra; *Cruz Pérez v. Roldán Rodríguez et. al.*, 206 DPR 261, 267 (2021); *López García v. López García*, 200 DPR 50, 69 (2018).

Bajo esta premisa, para que una moción de desestimación prospere, se tendrá que demostrar de forma certera que el demandante no tiene derecho a remedio alguno, que pudiere probar en apoyo a su reclamación. *Díaz Vázquez et al. v. Colón Peña et al.*, supra; *Inmob. Baleares, et al. v. Benabe et al.*, supra*; Cobra Acquisition v. Mun. Yabucoa et. al.,* supra, pág. 398*; López García v. López García*, supra, pág. 70. Esta Regla 10.2 (5), es de las de mayor complejidad en términos jurídicos, pues, una moción al amparo de

esta, se fundamenta en que los hechos que alega la parte demandante, aun presumiéndose ciertos, no son suficientes como base para que se les conceda un remedio. Es decir, en efecto, procederá la desestimación si aun dando por cierto todos los hechos bien alegados del demandante, no se demuestra derecho a una reclamación. *Rivera, Lozada v. Universal,* supra; *Blassino, Reyes v. Reyes Blassino*, supra; *Trinidad Hernández et al. v. E.L.A. et al.*, 188 DPR 828, 848 (2013).

### C. Fraccionamiento de causa

El ordenamiento procesal civil en Puerto Rico se basa en el principio de economía procesal, reconociendo la necesidad de resolver los litigios de manera justa, rápida y económica. Regla 1 de Procedimiento Civil, supra. Además, *Greene y otros v. Biase y otros*, 2025 TSPR 83, 216 DPR ___ (2025). Así, recae sobre nuestros tribunales el deber de garantizar la fluidez del litigio sin demoras innecesarias, enfocado en impartir la justicia de forma rápida y eficiente. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 845 (2023); *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 496–497 (2022); *In re Pagani Padró*, 181 DPR 517, 529 (2011); *Heftler Const. Co. v. Tribunal Superior*, 103 DPR 844, 846 (1975). Sin embargo, *este deber viene acompañado del compromiso de las partes a través del mínimo de diligencia.* Es decir, les corresponde a las partes colaborar con nuestros tribunales en la tramitación justa, rápida y económica. *Bco. Des. Eco. v. AMC Surgery*, 157 DPR 150, 157. (2002). Como consecuencia de esta Regla, *nuestro ordenamiento no permite que dos tribunales atiendan simultáneamente dos casos que versen sobre la misma controversia,* y que pudieran provocar resultados contradictorios. *Rivera Schatz v. ELA y C. Abo. PR I,* 191 DPR 470, 478 (2014); *AMPR et als. v. Sist. Retiro Maestros II,* 190 DPR 88, 89 (2014). Evitar la duplicidad de pleitos ***"es un principio cardinal de nuestro derecho procesal".***

*Consejo Titulares v. Gómez Estremera et al.*, 184 DPR 407, 434 (2012) [Énfasis nuestro].

Ahora bien, uno de los efectos de la inobservancia de este principio en el ordenamiento jurídico-procesal es el fraccionamiento de causas de acción. El mismo ocurre cuando existe una reclamación posterior entre las mismas partes sobre el mismo asunto. *S.L.G. Szendrey-Ramos v. Consejo de Titulares*, 184 DPR 133, 155-156 (2011). Es decir, esta doctrina es de aplicación cuando una parte tiene varias reclamaciones contra la parte adversa, que surgen de un mismo evento, y decide presentarlas en un pleito posterior a la sentencia de uno anterior. *Presidential v. Transcaribe*, 186 DPR 263, 277-278 (2012). La aplicación de esta doctrina persigue que las controversias judiciales alcancen su finalidad, de manera que se eviten las continuas molestias a la otra parte con la presentación sucesiva de varios pleitos relacionados con el mismo asunto. *Id.*, pág. 278; *S.L.G. Szendrey-Ramos v. Consejo de Titulares*, supra, pág. 156. Es imperativo resaltar que "la bifurcación o fragmentación de los procedimientos es indeseable", pues resulta preferible maximizar la acción civil, de manera que en ella se traigan todos los elementos de una reclamación, sus partes y remedios. Esto con el fin de alcanzar una adjudicación integral de la controversia. *Diez Rodríguez v. Guzmán Ruiz*, 108 DPR 371, 378 (1979).

### D. Reconvención compulsoria

La reconvención es una de las alegaciones permitidas en un pleito, y por medio de ella una parte tiene la oportunidad de disminuir o derrotar la reclamación de la parte adversa, e *incluso solicitar la concesión de un remedio de naturaleza diferente contra la parte adversa.* Reglas 5.1 y 11.3 de Procedimiento Civil, supra. En nuestro ordenamiento jurídico se reconocen dos (2) tipos de reconvención, a saber, las permisibles y las compulsorias. *Consejo*

*Titulares v. Gómez Estremera et al.*, supra, págs. 423-424; *S.L.G Font Bardón v. Mini-Warehouse,* 179 DPR 322, 332 (2010).

Las reconvenciones permisibles son aquellas que exponen reclamaciones que no surgen del acto, omisión o evento que motivó la interpelación de la parte contendiente. Regla 11.2 de Procedimiento Civil, supra. Véase, *Consejo Titulares v. Gómez Estremera et al.*, supra, pág. 424; *S.L.G Font Bardón v. Mini-Warehouse*, supra. Por el contrario, las reconvenciones compulsorias son aquellas reclamaciones que la parte debe formular en su alegación, siempre que esta surja del acto, omisión o evento que motivó la reclamación de la parte adversa, y cuya adjudicación no requiera la presencia de terceros sobre quienes el tribunal no pueda adquirir jurisdicción. Regla 11.1 de Procedimiento Civil, supra. Véase, *Consejo Titulares v. Gómez Estremera et al.*, supra; *S.L.G Font Bardón v. Mini-Warehouse,* supra.

La precitada Regla obliga al demandado a formular cualquier reclamación que tenga contra la parte demandante a través de una reconvención compulsoria al mismo tiempo que presenta su contestación, siempre que surja del mismo evento que motivó la demanda original. *Consejo Titulares v. Gómez Estremera et al.*, supra, pág. 424. Como regla general, una reconvención compulsoria debe formularse al momento presentar una alegación responsiva, pues de no formularse oportunamente, se entenderá que la parte renuncia a la causa de acción que la motiva. *Consejo Titulares v. Gómez Estremera et al.*, supra, pág. 425; *S.L.G Font Bardón v. Mini-Warehouse*, supra, pág. 333. De esto suceder, quedarían adjudicados los hechos y reclamaciones que pudiese tener la parte demandada, sin que puedan presentarse posteriormente en otro pleito que surja de los mismos eventos. *Id.*

No obstante, existen instancias en las cuales la parte demandada podría presentar una reconvención compulsoria luego

de haber formulado su alegación responsiva. Es decir, de manera excepcional, un litigante puede presentar aquellas reclamaciones que tenga contra la parte adversa a través de una alegación suplementaria o de una solicitud de enmienda a sus alegaciones. *S.L.G Font Bardón v. Mini-Warehouse*, supra, págs. 333-334. Esta última excepción se encuentra disponible para aquellas ocasiones en que una parte no formula una reconvención junto a su contestación a demanda, ya sea por descuido, inadvertencia o negligencia excusable, o cuando así lo requiera la justicia. *Id*, pág. 334. Véase, Regla 11.5 de Procedimiento Civil, supra.

Debemos resaltar que nuestra jurisprudencia ha indicado que el propósito de este tipo de alegaciones es *evitar la multiplicidad de litigios al crear un mecanismo en el que se diluciden todas las controversias comunes en una sola acción. S.L.G Font Bardón v. Mini-Warehouse,* supra, pág. 333. Es decir, el principio de cosa juzgada se aplicará por analogía y, por consiguiente, *los asuntos que pudieron haber sido planteados y no lo fueron se entenderán concluyentes. Consejo Titulares v. Gómez Estremera et al.,* supra, pág. 425; *S.L.G. Font Bardón v. Mini-Warehouse*, supra pág. 333.

### E. Impedimento colateral por sentencia

La doctrina de cosa juzgada o *res judicata* "tiene el propósito de dar la debida dignidad a las actuaciones de los tribunales." *Méndez v. Fundación*, 165 DPR 253, 267 (2005). Dicha doctrina responde al interés del Estado en que se les ponga fin a los litigios y evitar que se someta en múltiples ocasiones a un ciudadano a las molestias que supone litigar la misma causa. *Beníquez et al. v. Vargas et al.*, 184 DPR 210, 222 (2012); *S.L.G. Szendrey Ramos v. Consejo Titulares*, supra, pág. 154; *Worldwide Food Dis., Inc. v. Colón et al.*, 133 DPR 827, 833-834 (1993).

En nuestro ordenamiento jurídico se reconoce la figura del impedimento colateral por sentencia como una modalidad de la

doctrina de cosa juzgada. *Landrau Cabezudo y otros v. Autoridad*, 2025 TSPR 7, 215 DPR ___ (2025); *S.L.G. Szendrey Ramos v. Consejo Titulares*, supra, pág. 155; *P. R. Wire Prod. v. C. Crespo & Assoc.*, 175 DPR 139, 152 (2008); *Méndez v. Fundación, supra*, pág. 268. Esta modalidad se configura cuando: "(1) se adjudicó un asunto, (2) en una sentencia previa, (3) luego de haberse litigado, (4) entre las mismas partes y (5) el hecho adjudicado es esencial para un segundo pleito *Landrau Cabezudo y otros v. Autoridad*, supra, citando a *Rodríguez Ocasio v. ACAA*, 197 DPR 852, 862-863 (2017) (Sentencia).

Así, nuestro Tribunal Supremo ha establecido que el impedimento colateral por sentencia "surte efectos cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y se determina mediante sentencia válida y final" y "tal determinación es concluyente en un segundo pleito entre las mismas partes, *aunque estén envueltas causas de acción distintas*." *A & P Gen. Contractors v. Asoc. Caná*, 110 DPR 753, 762 (1981). (Énfasis nuestro). Es decir, la referida modalidad impide que se litigue en un litigio posterior un hecho esencial que fue adjudicado mediante sentencia final en un litigio anterior. *Landrau Cabezudo y otros v. Autoridad*, supra; *P. R. Wire Prod. v. C. Crespo & Asoc., supra*, pág. 153.

Es importante subrayar que, la doctrina de impedimento colateral por sentencia se distingue de la cosa juzgada en que, para aplicar la primera, no es necesario que se dé el requisito de identidad de causas necesario para la segunda, "[e]sto es, que la razón de pedir, plasmada en la demanda, sea la misma en ambos litigios." *P. R. Wire Prod. v. C. Crespo & Asoc.,* supra, pág. 152. Véase, además, *Landrau Cabezudo y otros v. Autoridad,* supra; *Presidential v. Transcaribe*, supra, pág. 276-277; *Rodríguez Rodríguez v. Colberg Comas,* 131 DPR 212, 221 (1992) y *A & P Gen. Contractors v. Aso. Caná, supra*, pág. 765.

**F. Temeridad**

La Regla 44.1 de Procedimiento Civil, supra, faculta a los tribunales a imponer el pago de una cuantía por concepto de honorarios de abogado en casos donde cualquiera de las partes o sus abogados hayan procedido con temeridad o frivolidad. A falta de una definición de lo que constituye temeridad, el Tribunal Supremo de Puerto Rico ha dispuesto que "[l]a temeridad es una actitud que se proyecta sobre el procedimiento y que afecta el buen funcionamiento y la administración de la justicia". *Consejo Titulares v. MAPFRE*, 2024 TSPR 140, 215 DPR ___ (2025); *Jarra Corp. v. Axxis Corp.*, 155 DPR 764, 779 (2001).

La conducta que amerita la imposición de honorarios de abogado por temeridad es cualquiera que haga necesario un pleito que se pudo evitar o que ocasione gestiones evitables. *Asoc. Salud Primaria y otros v. ELA y otros*, 2025 TSPR 75, 216 DPR ___ (2025); *Martínez Maldonado v. CONSERVE*, 2024 TSPR 125, 214 DPR ___ (2024). De esta manera, en nuestro ordenamiento, los honorarios por temeridad se imponen como penalidad a un litigante perdidoso que, por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajos e inconveniencias de un pleito. *Asoc. Salud Primaria y otros v. ELA y otros*, supra; *SLG González-Figueroa v. SLG et al.*, 209 DPR 138, 148-149 (2022)*; Torres Montalvo v. Gobernador ELA,* 194 DPR 760, 778 (2016). De ahí que, como regla general, establecida la concurrencia de tal conducta, la condena de honorarios resulta ser imperativa. *Martínez Maldonado v. CONSERVE*, supra.

Aunque la penalidad por temeridad de una parte no está explícitamente consignada en las Reglas de Procedimiento Civil, supra, es a través de la imposición de honorarios de abogado, que el Tribunal ejerce esta facultad. Algunas instancias en las cuales el

Tribunal Supremo de Puerto Rico ha reconocido que una parte actúa de forma temeraria se constituyen cuando:

> (1) contesta la demanda y niega responsabilidad total pero posteriormente la acepta,
>
> (2) se defiende injustificadamente de la acción,
>
> (3) cree que la cantidad reclamada es exagerada y es la única razón que tiene para oponerse a las peticiones del demandante, y no admite su responsabilidad pudiendo limitar la controversia a la fijación de la cuantía a ser concedida,
>
> (4) se arriesga a litigar un caso del que se desprende prima facie su responsabilidad, y
>
> (5) niega un hecho que le consta es cierto a quien hace la alegación.
>
> *SLG González-Figueroa v. SLG et al.,* supra, pág. 150; *C.O.R.P. v. S.P.U.*, 181 DPR 299, 342 (2011); *Blas v. Hosp. Guadalupe*, 1146 DPR 267, 335-336 (1998); *Fernández v. San Juan Cement Co., Inc.*, 118 DPR 713, 718-719 (1987).

El juzgador tendrá que adjudicar el monto correspondiente al grado de temeridad desplegado por el actor, ello mediante el ejercicio de su sano juicio. Es por ello que, "la determinación de si se ha incurrido o no en temeridad es una tarea que recae en la discreción sana del tribunal sentenciador y solo se intervendrá con ella en casos en los que se desprenda el abuso de tal facultad". *Martínez Maldonado v. CONSERVE*, supra. Véase, además, *Consejo Titulares v. MAPFRE*, supra; *SLG González-Figueroa v. SLG et al.*, supra, pág. 150; *Maderas Tratadas v. Sun Alliance et al,* 185 DPR 880, 926 (2012); *SLG Flores–Jiménez v. Colberg*, 173 DPR 843, 866 (2008).

### III.

Por estar relacionados entre sí, discutiremos el *primer y cuarto señalamiento de error* en conjunto. En esencia, los apelantes alegan que el TPI-Caguas se equivocó al desestimar *con perjuicio* la demanda enmendada e imponerle sanciones por temeridad. Plantean que el Foro Primario erró al determinar que dicha parte debió someter sus causas de acción en el Caso TA2022CV00833

como parte de una reconvención, y que, al no hacerlo, incurrió en el fraccionamiento indebido de sus causas de acción. *No le asiste la razón.*

De la sentencia apelada se desprende que, para adjudicar el caso de autos, el Foro Primario hizo un examen conjunto de las alegaciones bien hechas en la demanda enmendada ante su consideración y del expediente judicial del Caso TA2022CV00833, del cual también tomó conocimiento judicial. Este último fue presentado por Servimetal para cobrar una deuda contraída por Challenger a consecución de la venta y despacho de materiales dentro de una relación comercial que existía entre ambas partes. Por otro lado, el caso de marras fue presentado por Challenger para solicitar varios remedios contra Servimetal, quien alegadamente dejó de venderle y despacharle los materiales para su negocio comercial de venta de metales. Resulta patente que ambas controversias surgen de la misma relación comercial, mediante la cual ambas partes realizaban transacciones de compra y venta de metales entre sí.

Es harto conocido que nuestro estado de derecho permite la desestimación de un pleito cuando se expone una reclamación que no justifica la concesión de un remedio. Esto basado en lo establecido en la Regla 10.2(5) de las Reglas de Procedimiento Civil, supra. Ciertamente, no se justifica la concesión de un remedio, principalmente, en los casos en los que no se tiene derecho a uno. Tampoco se justifica en aquellas instancias en las que, aun teniendo un reclamo legítimo, el mismo *no fue invocado oportunamente.* Después de todo, las partes están llamadas a tramitar sus reclamaciones con un mínimo de diligencia.

Por otro lado, entendemos menester señalar que el Tribunal Supremo de Puerto Rico ha expuesto en reiteradas ocasiones que nuestro ordenamiento procesal civil no permite que dos tribunales

atiendan de manera simultánea dos (2) casos que versen sobre la misma controversia. Esto pudiera provocar la bifurcación de procedimientos con resultados contradictorios, afectando nuestra economía procesal y la adjudicación justa de una polémica. A su vez, no se justifica la concesión de un remedio cuando este se solicita mediante el mecanismo equivocado. Así, se permiten varias formas de atender reclamaciones sobre controversias de hecho o de derecho relacionadas entre dos (2) partes, todas bajos las reglas relativas a la consolidación, entiéndase, *las reconvenciones y las de acumulación de acciones* o partes.

Cuando la reclamación del demandado surge de los mismos hechos alegados por el demandante [actos, omisión o eventos de la reclamación del demandante], se tratará de una reconvención compulsoria. Así, le corresponde a este formular su reclamación en la alegación responsiva, y no mediante otra demanda que produzca multiplicidad de litigios. Si la parte demandada olvida presentar su reconvención, tendrá que solicitar -a discreción del tribunal del foro originario- permiso para presentarla mediante enmienda, según dispone la Regla 11.5, supra. De lo contrario, estaría impedido de presentar sus reclamaciones en un pleito posterior, pues los mismos hechos que las motivan quedarían adjudicados.

En el caso ante nos, Challenger instó su demanda ante el Foro Recurrido, el 19 de enero de 2025, enmendó la misma el 22 de enero de 2025, e incluyó un total de nueve (9) causas de acción contra Servimetal. Sin embargo, *el mismo día* presentó ante el TPI-Toa Alta un *Informe de Conferencia con Antelación al Juicio*, junto a Servimetal, en el cual plasmó esencialmente las mismas reclamaciones y remedios que contiene su demanda enmendada. La reproducción de las mismas alegaciones en dicho informe denota que los apelantes estuvieron en posición de solicitar oportunamente la presentación de una reconvención compulsoria contra los

apelados en el primer caso. No obstante, los apelantes optaron por comenzar un nuevo pleito contra los apelados, de manera simultánea, a pesar de que el caso TA2022C00833 aún se encontraba en curso.

De igual manera, surge del expediente del caso TA2022CV0833 que también había una moción de sentencia sumaria pendiente de resolución, a la cual Challenger se opuso oportunamente. Para el referido escrito, plasmaron los mismos argumentos y remedios solicitados en el caso de marras. Es decir, los apelantes se encontraban litigando las mismas causas de acción y solicitando los mismos remedios ante dos tribunales diferentes.

El TPI-Toa Alta dictó *"Sentencia Sumaria"* a favor de Servimetal, determinando, entre otras cosas, que Challenger se limitó a argumentar otras teorías, sin presentar defensas válidas en derecho. Tal dictamen fue confirmado por un panel hermano de este Foro mediante sentencia final y firme. Es menester destacar que, a pesar de haberse incoado ambas demandas sobre algunas causas de acción diferentes, estas surgen de una misma relación comercial entre las mismas partes. Por todo lo cual, la sentencia en el Caso TA2022CV00833, la cual advino final y firme con el dictamen de nuestro panel hermano, impide que los apelantes relitiguen los asuntos en el caso de autos.

En este sentido, hace bien el Foro Apelado en determinar que los apelantes tenían la oportunidad de presentar sus reclamaciones como una reconvención compulsoria en el caso anterior, ya que permitir su ventilación en el caso de autos ocasionó un fraccionamiento indebido que soslaya el principio de economía procesal y diligencia que permea en nuestro ordenamiento jurídico. Respecto a la conclusión a la que llegó el Foro Primario sobre la conducta temeraria de los apelantes, esta Curia se rehúsa a revocar o modificar el criterio del TPI-Caguas. La determinación de

temeridad es un asunto altamente discrecional del Foro Primario. Dentro del criterio de razonabilidad que impera en nuestra función revisora, estamos llamados a evaluar este tipo de señalamientos de error con gran deferencia. La misma solo será objeto de revisión si ha mediado abuso de discreción en el ejercicio de su ministerio. Enmarcada la facultad revisora de este Tribunal sobre la temeridad como sanción, y evaluado el proceder de la parte apelante, no podemos, sino coincidir, con la determinación de temeridad.

Por otro lado, en su *segundo señalamiento de error*, los apelantes alegan que el TPI-Caguas erró al no discutir en el dictamen recurrido la condición de militar activo del apelante Sepúlveda Rodríguez. Plantean que, por ser miembro activo de las fuerzas armadas de los Estados Unidos, debe desestimarse toda acción judicial en su contra al amparo de la *Servicemembers Civil Relief Act (SCRA)*, 50 USC App. secs. 501 *et seq. No le asiste la razón.*

Debemos enfatizar que el SCRA provee ciertas protecciones a los miembros del Ejército de los Estados Unidos de América, mediante la suspensión temporera de algunos procedimientos judiciales y administrativos que pudiesen afectar sus derechos civiles mientras se encuentren en servicio activo. *Servicemembers Civil Relief Act,* supra, sec. 502. De su faz, se desprende que esta Ley federal provee una protección en aquellas instancias en que la causa de acción se inste en contra del miembro en servicio activo. En la medida en que el apelante en cuestión es parte codemandante en el caso de marras, dicha Ley no produce efecto alguno con relación a las causas que nos ocupan, por lo que este Foro no tiene nada que proveer en cuanto a los méritos de dicho señalamiento. Además, esto no se planteó ante el TPI.

Por último, los apelantes plantean como *tercer señalamiento de error* que el TPI-Caguas erró al desatender las alegaciones de las

cuales se deprenden causas de acción en contra del apelado Hiram Urbina. *No le asiste la razón.*

De una sosegada apreciación del dictamen apelado, surge que el Foro Primario, aun cuando entendió que la Demanda Enmendada era improcedente procesalmente, aplicó las figuras presentadas por los apelantes bajo sus causas de acción tomando como ciertas sus alegaciones, concluyendo que ninguna de sus teorías justifica la concesión de un remedio. Tal determinación se encuentra fundamentada en el hecho de que las alegaciones de Challenger no cumplen con el estándar de plausibilidad aplicable a las alegaciones.

Surge de la propia Demanda Enmendada que los apelantes expresamente dirigían todas sus alegaciones y reclamaciones hacia los apelados de manera conjunta. Así lo establecieron desde un inicio al plasmar en su escrito que "[l]a expresión 'Parte Demandada' incluye a Servimetal, LLC y también a Hiram Urbina, en su carácter oficial y personal".[19] Por tal razón, el TPI-Caguas agrupó a los apelados del caso de autos al momento de evaluar las alegaciones en su contra, es decir, refiriéndose a los codemandados Servimetal e Hiram Urbina de manera conjunta.

Nuestro ordenamiento procesal faculta a los tribunales a desestimar una demanda si, luego de analizar las alegaciones de la forma más liberal a favor del demandante, concluye que no se cumple con el estándar de plausibilidad, pues una demanda insuficiente es improcedente bajo el pretexto de que se podrán probar alegaciones conclusorias con el descubrimiento de prueba. *Costa Elena y otros v. Magic Sport y otros*, supra, pág. 534. De esta manera, el Foro Primario determinó que las reclamaciones contra ambos apelados sobre competencia desleal, enriquecimiento injusto, incumplimiento de contrato, daños y perjuicios, así como

---

[19] Apéndice del recurso en SUMAC, Entrada Núm. 4.

aquellas amparadas en leyes antimonopolísticas y de pleito de clase, no ameritan la concesión de un remedio por fundamentarse en hechos desprovistos de base fáctica mínima y plausible.

Por tanto, a este Tribunal le resulta forzoso concluir que los errores señalados por los apelantes *no se cometieron.*

**IV.**

Por los fundamentos que anteceden, *confirmamos la "Sentencia Sumaria" apelada, en su totalidad.*

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones